■ KRISTY ANN WOJESKI, Appellant-Respondent, v ANGELINE M. DEL FAVERO, Respondent-Appellant. [794 NYS2d 534]—

Appeal and cross appeal from a judgment of the Supreme Court, Cayuga County (Peter E. Corning, A.J.), entered January 13, 2004 in a personal injury action. The judgment was entered upon a jury verdict in favor of plaintiff.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and setting aside the award of damages for past pain and suffering and as modified the judgment is affirmed without costs, and a new trial is granted on that element of damages only unless defendant, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to increase the award of damages for past pain and suffering to $25,000, in which event the judgment is modified accordingly and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained when a vehicle owned and operated by defendant turned left into the path of her vehicle. Supreme Court properly denied defendant's request for a jury charge on comparative negligence. "The issue of negligence, whether of the plaintiff or defendant, is usually a question of fact. It should be submitted to the jury if there is a valid line of reasoning and permissible inferences from which rational people can draw a conclusion of negligence on the basis of the evidence presented at trial" (*Bruni v City of New York*, 2 NY3d 319, 328 [2004]). The evidence presented at trial supports no valid line of reasoning that could lead a rational person to the conclusion that plaintiff was negligent. Rather, the evidence establishes that plaintiff reasonably anticipated that defendant would obey the traffic law that required defendant to yield the right of way and that plaintiff was unable to avoid the collision despite her attempt to brake and steer to the right (*see Galvin v Zacholl*, 302 AD2d 965, 966 [2003], *lv denied* 100 NY2d 512 [2003]).

We reject plaintiff's contention that the jury's award of no damages for future pain and suffering is contrary to the weight of the evidence and deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]). The evidence concerning the extent and permanency of plaintiff's injuries did

not so preponderate in plaintiff's favor that the verdict awarding no damages for future pain and suffering could not have been reached on any fair interpretation of the evidence (*see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]).

We agree with plaintiff, however, that the award of $5,000 for past pain and suffering deviates materially from what would be reasonable compensation. The jury expressly found that plaintiff sustained a serious injury in the accident, i.e., a significant limitation of use of a body function or system, thus implicitly rejecting defendant's position that plaintiff's symptoms resulted from factors unrelated to the accident (*see Pares v LaPrade*, 266 AD2d 852 [1999]). Further, plaintiff presented uncontroverted medical and nonmedical proof that she sustained cartilage displacement in her jaw, causing frequent, significant pain, inflammation, limitation of motion, and difficulty speaking and eating, and requiring medication, injections, oral appliances and ultimately surgery. In light of that evidence, we conclude that the award of $5,000 for past pain and suffering could not have been reached upon any fair interpretation of the evidence (*see generally Inzinna v Brinker Rest. Corp.* [appeal No. 2], 302 AD2d 967, 968 [2003]; *Simmons v Dendis Constr.*, 270 AD2d 919, 920 [2000]). In our view, an award of $25,000 would be reasonable compensation for plaintiff's past pain and suffering. We therefore modify the judgment by granting in part plaintiff's motion to set aside the verdict and setting aside the award of damages for past pain and suffering, and we grant a new trial on that element of damages only unless defendant, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to increase the award of damages for past pain and suffering to $25,000, in which event the judgment is modified accordingly. Present—Green, J.P., Scudder, Kehoe, Smith and Hayes, JJ.