■ JEFFREY S. WOJCIK, Respondent, v JOHN KENT, Appellant. [801 NYS2d 451]—

Appeal from an order of the Supreme Court, Erie County (Nelson H. Cosgrove, J.), entered September 10, 2004 in a personal injury action. The order, insofar as appealed from, granted in part plaintiff's motion to set aside the verdict and ordered a new trial on the issue of damages for past pain and

suffering unless defendant stipulated to an award of damages for past pain and suffering of $25,000.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for past and future pain and suffering for injuries to his back and neck that he allegedly sustained when defendant's vehicle rear-ended his vehicle in December 2000. Defendant conceded the issue of negligence and, at the close of the proof at trial, Supreme Court granted plaintiff's motion for a directed verdict on the issue whether plaintiff sustained a serious injury. The court instructed the jury to consider the issues of proximate cause and damages for pain and suffering. The jury returned a verdict awarding plaintiff no damages for past and future pain and suffering.

On appeal from an order granting that part of plaintiff's motion seeking to set aside the verdict with respect to the failure to award any damages for past pain and suffering and ordering a new trial on the issue of damages for past pain and suffering unless defendant stipulated to a specified amount of damages, defendant challenges the court's trial ruling that granted plaintiff's motion for a directed verdict on the issue of serious injury. We note at the outset that defendant's challenge to the " 'trial ruling . . . is reviewable only on an appeal from the final judgment,' " and no final judgment has been entered (*Geloso v Monster*, 289 AD2d 746, 748 [2001], *lv denied* 98 NY2d 601 [2002]; *see generally Kreutter v Goldthorpe*, 269 AD2d 870 [2000]). Nevertheless, in the interest of judicial economy and in the exercise of our discretion, we treat the notice of appeal as an application for permission to appeal from the trial ruling and grant such permission (*see* CPLR 5701 [c]; *Geloso*, 289 AD2d at 748 n). We conclude that the court properly granted plaintiff's motion for a directed verdict on the issue of serious injury in view of the concession of defendant's expert that plaintiff sustained a significant limitation of use of a body function or system, even if only for a brief period of time (*see generally Hackett v Driver*, 278 AD2d 914 [2000]).

Defendant also contends on appeal that the court erred in granting that part of plaintiff's motion seeking to set aside the verdict with respect to the jury's failure to award plaintiff any damages for past pain and suffering and in ordering a new trial on damages for past pain and suffering unless defendant stipulated to a specified amount of damages. "A verdict rendered in favor of a defendant may be successfully challenged as against the weight of the evidence only when the evidence so preponder-

ated in favor of the plaintiff that it could not have been reached on any fair interpretation of the evidence" (*Jaquay v Avery*, 244 AD2d 730, 730-731 [1997]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). There was evidence at trial that plaintiff had a preexisting degenerative disc condition and sustained a prior back and neck injury in a 1997 motor vehicle accident and thus did not sustain any new injury as a result of the accident at issue herein. The court instructed the jury that, if it found that plaintiff had a preexisting condition, plaintiff was entitled to recover damages for any increase in disability or pain resulting from the aggravation of that condition. Upon our review of the record, we conclude that there was no medical opinion or other credible evidence that the accident at issue herein did not cause an aggravation of plaintiff's preexisting condition (*cf. Carrasco v Mendez*, 4 NY3d 566, 579 [2005]; *Cocca v Conway*, 283 AD2d 787, 789 [2001], *lv denied* 96 NY2d 721 [2001]). Indeed, defendant's own expert, a neurologist who conducted a medical examination of plaintiff, testified that the accident at issue herein aggravated plaintiff's preexisting cervical and lumbar complaints and resulted in a period of temporary total disability. Thus, there is no fair interpretation of the evidence to support a finding that plaintiff's injuries were not causally related to the accident at issue herein (*see Prescott v LeBlanc*, 247 AD2d 802, 803 [1998]). Alternatively, if the jury found that plaintiff's injuries were causally related to the accident at issue herein, then its failure to award plaintiff any damages for past pain and suffering deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Kriesel v May Dept. Stores Co.*, 261 AD2d 837 [1999]). Present—Hurlbutt, J.P., Scudder, Kehoe, Martoche and Hayes, JJ.