Same memorandum as in *Foster v Kanous* (24 AD3d 1205 [2005]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Smith and Lawton, JJ.

■ RANDALL D. FOSTER, Respondent-Appellant, v JAMES R. KANOUS, Appellant-Respondent. (Appeal No. 1.) [805 NYS2d 863]— Appeal and cross appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered November 18, 2004 in a personal injury action. The order, inter alia, granted plaintiff's motion to set aside the jury verdict with respect to causation and damages.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying plaintiff's posttrial motion and reinstating the verdict in its entirety and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for an injury he allegedly sustained when the vehicle he was operating was struck by a vehicle owned and operated by defendant. Following a trial, the jury found that plaintiff's injury was not caused by the accident. Supreme Court granted plaintiff's motion to set aside the verdict with respect to causation and damages as against the weight of the evidence. We note at the outset that the order in appeal No. 2, denominated "decision," is superseded by the subsequent order in appeal No. 1 (*see Canh Du v Hamell*, 19 AD3d 1000, 1001 [2005]). Thus, we dismiss defendant's appeal from the order in appeal No. 2 (*see id.*) and, in the exercise of our discretion, we treat plaintiff's notice of cross appeal from the order in appeal No. 2 as valid and deem the cross appeal as taken from the order in appeal No. 1 (*see Huther v Sickler*, 21 AD3d 1303 [2005]).

Contrary to plaintiff's contention, defendant preserved his contention for our review (*see Williams v City of New York*, 101 AD2d 835, 836 [1984]; *see generally Sabin-Goldberg v Horn*, 179 AD2d 462, 464 [1992]), and we agree with defendant that the court erred in granting plaintiff's motion to set aside the verdict. Here, the parties presented conflicting medical expert testimony with respect to the cause of plaintiff's injury, and that testimony involved a credibility determination for the jury to resolve (*see Tanner v Tundo*, 309 AD2d 1244 [2003]; *Buck v Fulton City School Dist.*, 307 AD2d 745 [2003]). It cannot be said herein that the evidence with respect to causation and damages so preponderates in favor of plaintiff that the verdict could not have been reached on any fair interpretation of the evidence (*see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Villani v Beamer*, 11 AD3d 918 [2004]). Thus, we modify the order accordingly. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Smith and Lawton, JJ.