■ Jeff E. Carter, III, Respondent, v Rasesh M. Shah, M.D., Appellant. [818 NYS2d 383]—

Appeal from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered April 6, 2005 in a medical malpractice action. The order, among other things, granted plaintiff's motion to set aside the jury verdict in part and granted a new trial on the issue of damages for past pain and suffering only unless defendant stipulated to an additur of $250,000 in addition to the $250,000 awarded by the jury for past pain and suffering.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order that, inter alia, granted plaintiff's motion to set aside the verdict in part following a jury trial in this medical malpractice action. The jury awarded plaintiff the sum of $250,000 for past pain and suffering and, in granting plaintiff's posttrial motion, Supreme Court vacated that award and ordered a new trial on the issue of damages for past pain and suffering only unless defendant stipulated to increase the award to $500,000. Contrary to defendant's contention, the court did not abuse its discretion in granting plaintiff's posttrial motion. Although a jury's assessment of damages generally is afforded great deference and will not be overturned unless it deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]), "the trial court retains the discretion to set aside a verdict under appropriate circumstances" (*Warnke v Warner-Lambert Co.*, 21 AD3d 654, 657 [2005]). "[G]iven [the trial court's] superior opportunity to evaluate the proof and the credibility of the wit-

nesses, we cannot say that the court abused its discretion in its conclusion that the jury verdict should be [increased] under the circumstances [of this case]" (*id.* [citation omitted]). Also contrary to the contention of defendant, the court properly denied that part of his posttrial motion seeking to reduce the award of damages for past pain and suffering by the amount received by plaintiff from the settling defendants (*see* General Obligations Law § 15-108). Because the court ordered that the award of damages for past pain and suffering be set aside, there presently is no award that is subject to reduction. As the court properly noted in its decision, however, the denial of that part of defendant's posttrial motion is without prejudice to renewal "pending proceedings pursuant to this Decision," i.e., the resolution of the issue of the amount of damages for past pain and suffering to which plaintiff is entitled. Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Hayes, JJ.