■ JOYCE CAMPO et al., Respondents, v MEGHAN M. NEARY et al., Appellants. [860 NYS2d 703]—

Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered April 6, 2007 in a personal injury action. The order granted the motion of plaintiffs to set aside the jury verdict and granted a new trial on certain issues.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion for a directed verdict in part, denying the motion to set aside the verdict in part, reinstating the verdict with respect to the shoulder and ankle injuries and with respect to future pain and suffering and loss of business profits, and providing that a new trial is granted on the issue of negligence and, in the event that the new trial results in a finding of negligence against defendants, further providing that a new trial is granted on the issue of damages for past pain and suffering with respect to the hand injury only and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries they sustained when a vehicle owned by defendant Anna F. Neary and operated by Meghan M. Neary (defendant) crossed the center line of the road and collided with a vehicle operated by Gerald F. Campo (plaintiff). It appears from the record before us that Joyce Campo, a passenger in plaintiff's vehicle, was no longer a plaintiff by the time of the trial. At trial, Supreme Court granted the motion of plaintiff for a directed verdict on the issues of negligence and serious injury with respect to his left hand. The jury thereafter found that plaintiff's shoulder and ankle injuries were not caused by the accident and, with respect to plaintiff's hand injury, awarded

plaintiff $500 for past pain and suffering, no damages for future pain and suffering, and $15,000 for loss of business profits. The court granted plaintiff's motion to set aside the jury verdict as against the weight of the evidence and granted a new trial on the issues whether plaintiff's shoulder and ankle injuries were causally related to the accident and on the issue of damages, unless defendants stipulated to a specified amount of damages. The court also granted plaintiff's motion to the extent that it sought, in the alternative, a new trial in the interest of justice based on defendants' failure to provide adequate expert witness disclosure.

We note at the outset that defendants' challenge to the court's trial rulings are "reviewable only on an appeal from the final judgment, and no final judgment has been entered" (*Wojcik v Kent*, 21 AD3d 1410, 1411 [2005] [internal quotation marks omitted]). "Nevertheless, in the interest of judicial economy and in the exercise of our discretion, we treat the notice of appeal as an application for permission to appeal from the trial ruling and grant such permission" (*id.*).

Addressing first plaintiff's motion for a directed verdict, we agree with defendants that the court erred in granting that part of plaintiff's motion on the issue of negligence, and we therefore modify the order accordingly. "In order to direct a verdict in favor of the plaintiff, the court must view the evidence in the light most favorable to the defendants and conclude 'there is no rational process by which the fact trier could base a finding in favor of the [defendants]' " (*Pecora v Lawrence*, 28 AD3d 1136, 1137 [2006], quoting *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Schmidt v Turner*, 15 AD3d 835, 836 [2005]). Here, the evidence established that defendant skidded out of control and crossed the center line before colliding with plaintiff's vehicle. According to defendant, she skidded out of control because the road was slippery from rain, snow, and slush, and she skidded despite the fact that she was driving at a speed of 15 to 25 miles per hour, which was below the posted speed limit of 40 miles per hour. "Evidence of skidding out of control is only prima facie evidence of negligence on the part of the driver; it does not mandate a finding of negligence" (*Vadala v Carroll*, 91 AD2d 865 [1982], *affd* 59 NY2d 751 [1983]; *see Sanly v Nowak*, 28 AD3d 1113 [2006]). We conclude that a "triable issue of fact exists whether the conduct of defendant was reasonable under the circumstances, thereby excusing [her] violation of [Vehicle and Traffic Law § 1120 (a) and § 1126 (a)]" (*Arricale v Leo*, 295 AD2d 920, 921 [2002]; *see also Pietrantoni v Pietrantoni*, 4 AD3d 742 [2004], *lv dismissed* 2 NY3d 823 [2004]). Plaintiff's reliance

on *Caristo v Sanzone* (96 NY2d 172 [2001]) is misplaced. That case involved the applicability of the emergency doctrine while, here, it is undisputed that the emergency doctrine is not applicable because defendant was not confronted by a sudden and unexpected circumstance (*see id.* at 175).

We reject the contention of defendants, however, that the court erred in granting that part of the motion of plaintiff for a directed verdict on the issue of serious injury with respect to his left hand. Viewing the evidence in the light most favorable to defendants, as we must, we conclude that there is no rational process by which the trier of fact could find that plaintiff did not sustain a significant limitation of use of a body function or system with respect to that hand (*see Harwood v Hinds*, 295 AD2d 949, 951 [2002]). The injury to the top of plaintiff's left hand, including a laceration of the tendons, required stitches to close the wound as well as immobilization of the hand with a splint for four to six weeks. Plaintiff testified that he had no use of that hand while it was immobilized, and there was no evidence to the contrary. Indeed, defendants' expert stated that the laceration on plaintiff's left hand was significant. While the evidence did not establish that plaintiff sustained a significant permanent injury to his left hand, a showing of permanency was not required under the significant limitation of use category of serious injury (*see Oberly v Bangs Ambulance*, 271 AD2d 135, 137 [2000], *affd* 96 NY2d 295 [2001]; *see also Wojcik*, 21 AD3d at 1411).

With respect to plaintiff's post-trial motion to set aside the verdict, we agree with defendants that the court erred in granting that part of plaintiff's motion to set aside the verdict as against the weight of the evidence on the issues whether plaintiff's shoulder and ankle injuries were caused by the accident, and we therefore further modify the order accordingly. "A motion to set aside a jury verdict as against the weight of the evidence . . . should not be granted 'unless the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any fair interpretation of the evidence' " (*Ruddock v Happell*, 307 AD2d 719, 720 [2003], quoting *Dannick v County of Onondaga*, 191 AD2d 963, 964 [1993]; *see Cummings v Jiayan Gu*, 42 AD3d 920, 922 [2007]). The radiologist who reviewed plaintiff's medical file on behalf of defendants testified that the tear to the rotator cuff in plaintiff's right shoulder was not caused by the accident but, rather, was the result of cumulative degenerative changes. The radiologist explained that his conclusion was based on, inter alia, the fact that a sudden, traumatic rotator cuff tear

is generally associated with sudden and severe pain, and plaintiff did not complain of shoulder pain until five months after the accident. In addition, the radiologist concluded that the injury to plaintiff's ankle was not a result of the accident, and he provided several reasons to support that conclusion. Although plaintiff presented evidence to the contrary both with respect to his shoulder and ankle, the conflicting medical expert testimony "raised issues of credibility for the jury to determine" (*Barton v Youmans*, 24 AD3d 1192 [2005]; *see Foster v Kanous*, 24 AD3d 1205 [2005]).

In addition, we agree with defendants that the court erred in granting plaintiff's motion seeking, in the alternative, a new trial in the interest of justice on the ground that defendants' expert witness disclosure was inadequate pursuant to CPLR 3101 (d) (1). There is no evidence in the record that plaintiff requested an expert witness report (*see* CPLR 3101 [d] [1] [i]) and, in any event, any prejudice to plaintiff was alleviated when the court allowed plaintiff to question the expert outside the presence of the jury (*see generally Dubec v New York City Hous. Auth.*, 39 AD3d 410, 412 [2007]).

Finally, defendants contend that the court erred in granting that part of plaintiff's motion seeking a new trial on damages for future pain and suffering and loss of business profits. We agree with defendants that the jury's award of no damages for future pain and suffering and $15,000 for loss of business profits does not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]), and thus we further modify the order accordingly (*see Wojeski v Del Favero*, 17 AD3d 1024, 1025-1026 [2005]). Defendants presented evidence that, although plaintiff has limited extension in one of his fingers, that is a limitation that would not prevent him from engaging in normal activities (*see generally Licari v Elliott*, 57 NY2d 230, 236 [1982]), and they also presented evidence that plaintiff could have returned to work sooner than he did. Contrary to defendants' contention, however, we conclude that the award of $500 for past pain and suffering deviates materially from what would be reasonable compensation, and thus the court properly granted that part of plaintiff's motion seeking a new trial on the issue of damages for past pain and suffering with respect to plaintiff's hand injury (*see Carter v Shah*, 31 AD3d 1151 [2006]; *Wojeski*, 17 AD3d at 1026). Present—Centra, J.P., Lunn, Peradotto, Green and Pine, JJ. [*See* 15 Misc 3d 1128(A), 2007 NY Slip Op 50885(U).]