■ DAVID J. SMITH, Respondent-Appellant, v NIAGARA FRONTIER TRANSIT METRO SYSTEM, INC., et al., Appellants-Respondents. [904 NYS2d 850]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered December 10, 2008 in a personal injury action. The order granted plaintiff's motion, set aside the verdict and granted a new trial, unless defendants stipulated to increase the award of damages to $350,000.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion for a directed verdict is denied, the verdict is set aside and a new trial is granted, and the post-trial motion is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when a bus driven by defendant Eugene B. Jenkins, an employee of defendant Niagara Frontier Transit Metro System, Inc., backed up and struck plaintiff, who was stopped behind the bus on a motorcycle. We note at the outset that the contention of defendants on their appeal that Supreme Court erred in granting plaintiff's motion for a directed verdict on liability is " 'reviewable only on an appeal from the final judgment, and no final judgment has been entered' . . . 'Nevertheless, in the interest of judicial economy and in the exercise of our discretion, we treat the notice of appeal as an application for permission to appeal from [that] trial

ruling and grant such permission' " (*Campo v Neary*, 52 AD3d 1194, 1196 [2008]).

We agree with defendants that the court abused its discretion in granting plaintiff's motion for a directed verdict on liability. Plaintiff had the burden of demonstrating that the evidence, viewed in the light most favorable to defendants, established as a matter of law that there was no rational process by which the jury could find in favor of defendants (*see Brown v Concord Nurseries, Inc.* [appeal No. 2], 53 AD3d 1067 [2008], *lv denied* 11 NY3d 714 [2009]; *Pecora v Lawrence*, 28 AD3d 1136, 1137 [2006]). Here, the jury could have rationally found that Jenkins exercised reasonable care in backing up the bus and that he did not observe plaintiff on the motorcycle behind him, despite looking in the mirrors of the bus (*see Hargis v Sayers* [appeal No. 2], 38 AD3d 1228, 1229-1230 [2007]). In addition, "there were disputed factual issues concerning the [distance between the bus and the motorcycle and plaintiff's opportunity to avoid] the accident that can only be resolved after a jury assesses the credibility of the witnesses" (*id.* at 1230). Thus, we reverse the order, deny the motion for a directed verdict, set aside the verdict and grant a new trial on the issues of liability and damages. In view of our determination, we do not address the remaining contentions of defendants on their appeal or the contentions of plaintiff on his cross appeal and dismiss as moot plaintiff's post-trial motion to set aside the verdict as inadequate. Present—Martoche, J.P., Smith, Centra, Sconiers and Pine, JJ.