# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**262**
**CA 11-02044**
PRESENT: SMITH, J.P., FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

LISA-ANN PRIES-JONES AND CLAYTON JONES,
INDIVIDUALLY AND AS HUSBAND AND WIFE,
PLAINTIFFS-APPELLANTS-RESPONDENTS,

                    V                                    MEMORANDUM AND ORDER

TIME WARNER CABLE, INC., ALSO KNOWN AS TIME
WARNER, INC., AND JONATHAN T. JOSEPH,
DEFENDANTS-RESPONDENTS-APPELLANTS.

---

CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS-RESPONDENTS.

HARRIS BEACH PLLC, PITTSFORD (MICHAEL J. MASINO OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS-APPELLANTS.

---

     Appeal and cross appeal from an order of the Supreme Court,
Orleans County (James P. Punch, A.J.), entered July 26, 2011 in a
personal injury action.  The order granted the motion of plaintiffs
for partial summary judgment on the issue of negligence, but denied
the motion with respect to comparative negligence.

     It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

     Memorandum:  Plaintiffs commenced this action seeking damages for
injuries sustained by Lisa-Ann Pries-Jones (plaintiff) when a truck
operated by defendant Jonathan T. Joseph (defendant) and owned by
defendant Time Warner Cable, Inc., also known as Time Warner, Inc.
(Time Warner), backed into the front of a vehicle operated by
plaintiff.  Defendant was a "preventative line maintenance technician"
for Time Warner, and his job duties included traveling to inspect
cable lines on poles along the side of the road.  At approximately
3:00 P.M. on December 15, 2008, a clear sunny day, defendant was
driving on a country road in Orleans County when he noticed a problem
with the lines.  By the time he stopped the truck, defendant had
passed the problem area, so he put his truck in reverse.  Although
defendant claimed that he looked at his side view mirrors and saw no
one behind him, plaintiff's vehicle in fact was there, and a collision
ensued.  Plaintiff had been driving behind the truck on the two-way
road and came to a stop when defendant stopped.

     Plaintiffs alleged in the complaint that defendant negligently
operated the truck, and that Time Warner was vicariously liable for

the ensuing damages.  In their answer, defendants asserted as an affirmative defense that plaintiff engaged in culpable conduct that contributed to the happening of the accident.  Following discovery, plaintiffs moved for partial summary judgment on the issues of negligence and proximate cause, as well as dismissal of the affirmative defense alleging her culpable conduct.  In opposition to the motion, defendants submitted the affidavit of a witness to the accident who essentially stated that plaintiff could easily have avoided the accident by taking evasive action.  Supreme Court granted only that part of the motion on the issue of defendant's negligence.  Plaintiffs appeal from the order insofar as it denied that part of their motion to dismiss the affirmative defense concerning plaintiff's culpable conduct, and defendants cross-appeal from the order insofar as it granted that part of plaintiffs' motion on the issue of defendant's negligence.  We affirm.

With respect to plaintiffs' appeal, we conclude that the court properly determined that there is an issue of fact concerning plaintiff's alleged culpable conduct and thus properly denied that part of her motion seeking dismissal of that affirmative defense.  We agree with plaintiffs that there was no foundation for the opinions offered by the eyewitness in his affidavit.  Nevertheless, his factual assertions alone are sufficient to raise an issue of fact whether, if in fact plaintiff faced an emergency situation, she had a sufficient opportunity to take evasive action to avoid the accident (*see Gaeta v Morgan*, 178 AD2d 732, 734; *see generally McGraw v Glowacki*, 303 AD2d 968, 969).

Finally, we conclude that the court properly determined that defendant was negligent as a matter of law.  Plaintiffs met their initial burden of proof by submitting evidence that defendant backed the truck into plaintiff's vehicle on a public roadway (*see* Vehicle and Traffic Law § 1211 [a]; *Garcia v Verizon N.Y., Inc.*, 10 AD3d 339, 340; *Pressner v Serrano*, 260 AD2d 458).  In opposition to the motion, defendants failed to raise an issue of fact with respect to negligence.  Although defendant testified at his deposition that he "[g]lanced" at his side view mirrors before putting the truck in reverse and did not see plaintiff's vehicle, we conclude that his testimony is insufficient to raise an issue of fact regarding his negligence (*see Garcia*, 10 AD3d at 339-340).

Entered:  March 23, 2012                    Frances E. Cafarell
                                            Clerk of the Court