# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1089**
**CA 12-00812**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

CHRISTOPHER GILL AND LINDA GILL,
PLAINTIFFS-RESPONDENTS,

                           V                            MEMORANDUM AND ORDER

DONALD J. BRAASCH AND DONALD J. BRAASCH
CONSTRUCTION, INC., DEFENDANTS-APPELLANTS.

---

BROWN & TARANTINO, LLC, BUFFALO (NICOLE D. SCHREIB OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

DIFILIPPO, FLAHERTY & STEINHAUS PLLC, EAST AURORA (ROBERT D. STEINHAUS
OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---------------------------------------------------------------------------------------------

    Appeal from an order of the Supreme Court, Erie County (Michael
F. Griffith, A.J.), entered October 17, 2011 in a personal injury
action.  The order granted plaintiffs' motion for partial summary
judgment.

    It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

    Memorandum:  Plaintiffs commenced this action seeking damages for
injuries sustained by Christopher Gill (plaintiff) when a vehicle
operated by Donald J. Braasch (defendant) and owned by defendant
Donald J. Braasch Construction, Inc. struck plaintiff and pinned him
against a tractor-trailer.  Contrary to defendants' contention,
Supreme Court properly granted those parts of plaintiffs' motion for
partial summary judgment on liability and dismissal of the affirmative
defense of comparative negligence.

    Plaintiffs met their initial burden by establishing as a matter
of law that the sole proximate cause of the accident was defendant's
negligence in, inter alia, backing his pickup truck into plaintiff
without properly looking behind him (*see* Vehicle and Traffic Law §§
1146 [a]; 1211 [a]; *Pries-Jones v Time Warner Cable, Inc.*, 93 AD3d
1299, 1301).  Plaintiff, a delivery driver, testified at his
deposition that, after he transferred freight from his tractor-trailer
to defendant's pickup truck, he observed defendant get into the pickup
truck and pull away from the tractor-trailer.  Plaintiff then
descended from the back of the trailer compartment of the tractor-
trailer and was standing on the ground behind it, latching the door of
the trailer compartment, when defendant backed his pickup truck into
plaintiff, pinning him against the tractor-trailer.  Plaintiff was

facing the back of the tractor-trailer and did not see defendant backing toward him.  Defendant similarly testified at his deposition that, when he pulled the pickup truck forward, away from the tractor-trailer, plaintiff was situated in the trailer compartment.  Defendant testified that he did not turn his head to look behind him before putting the truck in reverse and backing toward the tractor-trailer.  Based on the deposition testimony of plaintiff and defendant, we conclude that plaintiffs established as a matter of law that defendant was negligent in failing to see that which, under the circumstances, he should have seen and in backing his pickup truck toward the tractor-trailer before ascertaining that it was safe to do so (*see generally Waltz v Vink*, 78 AD3d 1621, 1621-1622).  Further, contrary to the contention of defendants, plaintiffs established as a matter of law that plaintiff "was free from fault in the occurrence of the accident" (*Hillman v Eick*, 8 AD3d 989, 991), and defendants failed to raise an issue of fact with respect thereto (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Plaintiff was not required to anticipate that defendant would back his vehicle toward plaintiff or the tractor-trailer, and "defendants' speculation that plaintiff might have done something to avoid the accident is insufficient to raise an issue of fact concerning plaintiff's comparative fault" (*Whitfield v Toense*, 273 AD2d 877, 878; *see Garcia v Verizon N.Y., Inc.*, 10 AD3d 339, 340; *Irwin v Mucha*, 154 AD2d 895, 896).

Entered:  November 9, 2012                          Frances E. Cafarell
                                                    Clerk of the Court