# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**216**
**CA 12-01861**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND MARTOCHE, JJ.

---

TONYA TIEDE, PLAINTIFF-RESPONDENT-APPELLANT,

         V                                MEMORANDUM AND ORDER

FRONTIER SKYDIVERS, INC., HOLLANDS INTERNATIONAL
FIELD AIRPORT, AL HOLLANDS, DAYSTAR TRADING &
VENTURES, LLC, PAUL GATH,
DEFENDANTS-APPELLANTS-RESPONDENTS,
ET AL., DEFENDANTS.
(APPEAL NO. 2.)

---

DIXON & HAMILTON, LLP, GETZVILLE (MICHAEL B. DIXON OF COUNSEL), FOR
DEFENDANTS-APPELLANTS-RESPONDENTS FRONTIER SKYDIVERS, INC. AND PAUL
GATH.

STEPHENS & STEPHENS, LLP, BUFFALO (R. WILLIAM STEPHENS OF COUNSEL),
FOR DEFENDANTS-APPELLANTS-RESPONDENTS HOLLANDS INTERNATIONAL FIELD
AIRPORT AND AL HOLLANDS.

JAECKLE FLEISCHMANN & MUGEL, LLP, BUFFALO (BRADLEY A. HOPPE OF
COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT DAYSTAR TRADING &
VENTURES, LLC.

FEROLETO LAW, BUFFALO (PAUL B. BECKER OF COUNSEL), FOR
PLAINTIFF-RESPONDENT-APPELLANT.

---

    Appeals and cross appeal from an order of the Supreme Court, Erie
County (John L. Michalski, A.J.), entered March 20, 2012. The order
dismissed plaintiff's cause of action for gross negligence and
otherwise denied the motions of defendants to dismiss the amended
complaint.

    It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

    Memorandum: Plaintiff commenced this negligence action seeking
damages for injuries she sustained when a plane in which she was a
passenger crashed shortly after takeoff from defendant Hollands
International Field Airport (Hollands Airport), which is allegedly
owned and operated by defendant Al Hollands. The plane was owned by
defendant Daystar Trading & Ventures, LLC (Daystar) and was operated
by defendant Paul Gath, a pilot for defendant Frontier Skydivers, Inc.
(Frontier). A week before the accident, plaintiff had enrolled in a
one-hour course on skydiving provided by Frontier and signed a release

of liability and assumption of risk agreement (release agreement). Pursuant to the release agreement, plaintiff assumed the risk of any injuries resulting from her participation in "parachuting activities" and agreed to release the "Released Parties" from liability "for injuries or damages arising out of [her] participation in 'parachuting activities': even if caused by [negligence] . . . or other fault of 'Released Parties.' " The "Released Parties" include Frontier and Hollands Airport together with their owners, instructors, agents, employees, pilots and aircraft owners. On the date of the accident, plaintiff had returned to Hollands Airport to perform a tandem skydiving jump with a Frontier instructor, but the plane crashed before she was able to complete her jump.

Hollands Airport, Hollands, Gath, Frontier, and Daystar (collectively, defendants) moved to dismiss plaintiff's amended complaint pursuant to CPLR 3211. Supreme Court granted the motions in part by dismissing the cause of action for gross negligence and otherwise denied the motions. Defendants appeal, and plaintiff cross-appeals.

We note at the outset that the order in appeal No. 1 is superceded by the subsequent order in appeal No. 2 (*see Foster v Kanous*, 24 AD3d 1205, 1205; *Matter of Eric D.* [appeal No. 1], 162 AD2d 1051, 1051). We therefore dismiss defendants' appeals and plaintiff's cross appeal from the order in appeal No. 1 (*see Foster*, 24 AD3d at 1205; *Eric D.*, 162 AD2d at 1051) and, in the exercise of our discretion, we treat the notices of appeal from the order in appeal No. 1 of Frontier, Gath, Hollands Airport, and Hollands as valid and deem the appeals as taken from the order in appeal No. 2 (*see Foster*, 24 AD3d at 1205).

On their appeals, defendants contend that the court erred in failing to dismiss the amended complaint in its entirety because the release agreement bars plaintiff's claims and General Obligations Law § 5-326 does not render the release agreement void. We reject that contention. Defendants assert that section 5-326 does not apply here because Frontier is an instructional facility, rather than a recreational facility. Where a facility is "used for purely instructional purposes," section 5-326 is inapplicable even if the instruction that is provided relates to an activity that is recreational in nature (*Bacchiocchi v Ranch Parachute Club*, 273 AD2d 173, 175; *see Millan v Brown*, 295 AD2d 409, 411; *cf. Debell v Wellbridge Club Mgt., Inc.*, 40 AD3d 248, 249-250). "In assessing whether a facility is instructional or recreational, courts have examined, inter alia, the organization's name, its certificate of incorporation, its statement of purpose and whether the money it charges is tuition or a fee for use of the facility" (*Lemoine v Cornell Univ.*, 2 AD3d 1017, 1019, *lv denied* 2 NY3d 701). On a motion to dismiss pursuant to CPLR 3211, a court "may . . . consider affidavits and other evidentiary material to 'establish conclusively that plaintiff has no cause of action' " (*Mantione v Crazy Jakes, Inc.*, 101 AD3d 1719, 1720). We conclude that Frontier's facility is not used purely for instructional purposes based upon our review of Frontier's certificate of incorporation, including the statement of

purpose contained therein; the services for which plaintiff paid a fee, i.e., whether she paid for a course of instruction or for use of the facilities; as well as the other evidence submitted by defendants. Thus, defendants have failed to establish as a matter of law that General Obligations Law § 5-326 does not apply here (see generally *Bacchiocchi*, 273 AD2d at 174-175; *Rogowicki v Troser Mgt.*, 212 AD2d 1035, 1035; *Wurzer v Seneca Sport Parachute Club*, 66 AD2d 1002, 1003) and have failed to establish conclusively that plaintiff has no cause of action.

On cross appeal, plaintiff contends that the court improperly dismissed her cause of action alleging gross negligence. We reject that contention. Even "accept[ing] the facts as alleged in the [amended] complaint as true [and] accord[ing] plaintiff[] the benefit of every possible favorable inference" (*Leon v Martinez*, 84 NY2d 83, 87), we conclude that plaintiff has not alleged conduct on the part of defendants that "evinces a reckless disregard for the rights of others or smacks of intentional wrongdoing" (*Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821, 823-824 [internal quotation marks omitted]). Thus, the court properly granted that part of defendants' motions to dismiss the gross negligence cause of action.

Entered:  April 26, 2013                     Frances E. Cafarell
                                             Clerk of the Court