# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

450

CA 14-01916

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, VALENTINO, AND WHALEN, JJ.

---

TONYA TIEDE, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

FRONTIER SKYDIVERS, INC., ET AL., DEFENDANTS,
AND JOHN HUBER, DEFENDANT-APPELLANT.

---

BURGIO, KITA, CURVIN & BANKER, BUFFALO (STEVEN P. CURVIN OF COUNSEL),
FOR DEFENDANT-APPELLANT.

FEROLETO LAW, BUFFALO (PAUL B. BECKER OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered August 20, 2014. The order, insofar as appealed from, denied the motion of defendant John Huber for summary judgment dismissing the second amended complaint and all cross claims against him.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted and the second amended complaint and cross claims against defendant John Huber are dismissed.

Memorandum: Plaintiff, a passenger on a plane used for skydiving jumps, commenced this action to recover damages for injuries she sustained when the plane crashed shortly after takeoff. We previously determined, inter alia, that Supreme Court properly granted the motions of five other defendants to the extent that they sought to dismiss the cause of action for gross negligence against them because plaintiff had not alleged conduct on the part of those defendants that "evinces a reckless disregard for the rights of others or smacks of intentional wrongdoing" (*Tiede v Frontier Skydivers, Inc*., 105 AD3d 1357, 1359 [internal quotation marks omitted]). As relevant to this appeal, John Huber (defendant), a skydiving instructor, moved for summary judgment dismissing the second amended complaint and cross claims against him. We agree with defendant that the court erred in denying the motion.

In addition to being a skydiving instructor, defendant was a "safety and training advisor" at defendant Frontier Skydivers, Inc. (Frontier) by appointment of the United States Parachute Association (USPA). In that capacity, he acted as a liaison between USPA and Frontier to ensure that there was a training program in accordance

with USPA curriculum in place at the drop zone, and that instructors followed it. He also administered tests for skydiving licenses and was responsible for the completion of accident reports and their transmission to USPA. A week before the accident, defendant instructed plaintiff at a one-hour course on skydiving. On the date of the accident, plaintiff boarded the plane with a jump instructor other than defendant, and she was seated farthest away from the "jump door." The last of three other skydivers to board the plane was a pro-rated skydiver, and he sat closest to the jump door. As the plane became airborne, the jump door opened unexpectedly and the pro-rated skydiver stood up, despite a requirement that he wear a seatbelt, and he repeatedly attempted to close the jump door. The pilot repeated commands to sit down and leave the jump door alone. Two of the other skydivers grabbed onto the pro-rated skydiver and tried to stop him, but he persisted in attempting to close the jump door to the point that his upper body was outside the fuselage. The pilot, with one hand on the yoke, reached over with his other hand and attempted to pull the pro-rated skydiver back into the plane. While the pilot's attention was diverted momentarily, the plane clipped a line of trees and crashed. The pro-rated skydiver died shortly thereafter, and plaintiff, the jump instructor, the pilot, and other skydivers survived.

At the outset, we agree with defendant that the court erred in denying his motion to the extent that he sought dismissal of the cause of action for gross negligence against him, for the reasons set forth in our prior decision in this action (*see id.*). Plaintiff has not alleged conduct against defendant that "evinces a reckless disregard for the rights of others or smacks of intentional wrongdoing" (*id.* [internal quotation marks omitted]).

We further agree with defendant that the court erred in denying his motion with respect to the remainder of the second amended complaint against him. Plaintiff alleged that defendant, inter alia, breached his duty to provide proper training for the pilot, instructors, and other skydivers. Contrary to plaintiff's assertion, defendant contended in support of his motion that he owed no duty of care to plaintiff in his position as a safety and training advisor for the conduct that occurred on the plane. "The existence and scope of a duty of care is a question of law for the courts entailing the consideration of relevant policy factors" (*Church v Callanan Indus.*, 99 NY2d 104, 110-111; *see Sanchez v State of New York*, 99 NY2d 247, 252). In making such a determination, "the courts look to whether the relationship of the parties is such as to give rise to a duty of care . . . , whether the plaintiff was within the zone of foreseeable harm . . . and whether the accident was within the reasonably foreseeable risks" (*Di Ponzio v Riordan*, 89 NY2d 578, 583). "[T]he law draws a line between remote possibilities and those that are reasonably foreseeable because '[n]o person can be expected to guard against harm from events which are . . . so unlikely to occur that the risk . . . would commonly be disregarded' " (*id.*).

We conclude that defendant established as a matter of law that the plane crash at issue was not a reasonably foreseeable consequence

of defendant's alleged failure to provide adequate training.  Although the risk may now readily be perceived with the benefit of hindsight, we conclude that the plane crash due to the hatch door opening and the response of the pro-rated skydiver was not "within the class of foreseeable hazards" associated with defendant's alleged failure to provide proper training (*id.* at 584).  We thus conclude that defendant had "no cognizable legal duty to protect [plaintiff] against the injury-producing occurrence" (*id.* at 586; *see generally Lynfatt v Escobar*, 71 AD3d 743, 745, *lv denied* 15 NY3d 709).  Plaintiff's submission of an expert's speculative and conclusory affidavit is insufficient to establish that defendant had a legal duty to train for such an incident (*see generally Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544).

We further conclude that the court erred in denying defendant's motion with respect to plaintiff's claims in her bill of particulars that defendant failed to give notice or warn of the dangers involved in skydiving.  Defendant met his initial burden regarding those claims by establishing that he warned plaintiff of the serious risks of injury or death, as evidenced by her initials and signature on the release and her signature on a document warning of the hazards of skydiving and parachuting and all "related activities."  In addition, plaintiff testified at her deposition that she read those warnings and viewed a video that included the warning of the dangers of skydiving and its related activities, including the airplane ride.  In opposition to the motion, plaintiff failed to raise a triable issue of fact with respect to those claims (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  June 19, 2015                                    Frances E. Cafarell
                                                           Clerk of the Court