# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1171**
**CA 16-00522**
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

ANITA L. CASTRO, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

PROFESSIONAL GOLF SERVICES, INC., DOING
BUSINESS AS SARATOGA SPA GOLF,
DEFENDANT-APPELLANT.

---

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (MICHAEL M. CHELUS OF
COUNSEL), FOR DEFENDANT-APPELLANT.

SMITH, MINER, O'SHEA & SMITH, LLP, BUFFALO (PHILIP J. O'SHEA, JR., OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Paula L.
Feroleto, J.), entered January 14, 2016.  The order granted a new
trial on damages for past and future pain and suffering and future
medical expenses unless the parties stipulate to specified increases
in damages.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Defendant appeals from an order that granted
plaintiff's motion to set aside the jury verdict on damages in this
personal injury action.  The jury awarded plaintiff, inter alia, the
sum of $200,000 for past pain and suffering, $100,000 for future pain
and suffering, and $125,000 for future medical expenses.  Supreme
Court vacated those parts of the award and ordered a new trial on the
issue of damages for past and future pain and suffering and future
medical expenses unless the parties stipulated to increase the award
to $300,000 for past pain and suffering, $600,000 for future pain and
suffering and $207,850 for future medical expenses.  Contrary to
defendant's contention, the court did not abuse its discretion in
granting plaintiff's motion.  "Although a jury's assessment of damages
generally is afforded great deference and will not be overturned
unless it deviates materially from what would be reasonable
compensation . . . , 'the trial court retains the discretion to set
aside a verdict under appropriate circumstances' " (*Carter v Shah*, 31
AD3d 1151, 1151; *see* CPLR 5501 [c]; *Warnke v Warner-Lambert Co.*, 21
AD3d 654, 657).  Here, " '[g]iven [the court's] superior opportunity
to evaluate the proof and the credibility of the witnesses,' " we
conclude that the court did not abuse its discretion in determining
that the award of damages should be increased (*Carter*, 31 AD3d at

1151-1152; *see generally Prunty v YMCA of Lockport*, 206 AD2d 911, 912).

Entered:  December 23, 2016                          Frances E. Cafarell
                                                     Clerk of the Court