Scime v Hale Northeastern Inc. (2023 NY Slip Op 04061)

Scime v Hale Northeastern Inc.

2023 NY Slip Op 04061

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND OGDEN, JJ.

538 CA 22-01276

[*1]PAUL SCIME, PLAINTIFF-APPELLANT,
v
HALE NORTHEASTERN INC. AND DANIEL BOYD, DEFENDANTS-RESPONDENTS. 

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (THOMAS J. SPEYER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Mark A. Montour, J.), entered July 19, 2022. The order denied in part the motion of plaintiff for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he allegedly sustained when he was struck by a vehicle operated by defendant Daniel Boyd, which was owned by defendant Hale Northeastern Inc. Boyd was backing the vehicle out of a loading dock and struck plaintiff, who was either standing or walking in the area behind the vehicle while talking on his cell phone and smoking a cigarette. Although plaintiff continued talking on the phone and smoking the cigarette following the collision, he later commenced this action alleging that he sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident. Following discovery, plaintiff moved for partial summary judgment on issues of "liability and sole proximate cause and . . . serious injury," and for dismissal of seven affirmative defenses. Supreme Court granted the motion in part and dismissed five affirmative defenses but otherwise denied plaintiff's motion. Plaintiff appeals and we affirm.
We initially conclude that the court properly denied that part of plaintiff's motion seeking summary judgment on the issue of negligence inasmuch as there are triable issues of fact whether Boyd was negligent in his operation of the vehicle. Even where there is evidence that a person exercised reasonable care in the operation of a vehicle and still struck a car or person, issues of fact may exist precluding an award of summary judgment (cf. Ortiz v Lynch, 105 AD3d 584, 585 [1st Dept 2013]; Gill v Braasch, 100 AD3d 1415, 1415-1416 [4th Dept 2012]; Pries-Jones v Time Warner Cable, Inc., 93 AD3d 1299, 1301 [4th Dept 2012]; see generally Smith v Niagara Frontier Tr. Metro Sys., Inc., 75 AD3d 1084, 1085 [4th Dept 2010], lv dismissed 16 NY3d 740 [2011]; Hargis v Sayers [appeal No. 2], 38 AD3d 1228, 1229-1230 [4th Dept 2007]).
Here, in support of his motion plaintiff submitted the deposition of Boyd, who testified that, before moving the vehicle in reverse, he looked in his rear-view mirror and his driver's side mirror and did not see anyone behind the vehicle. After driving the vehicle in reverse for approximately five to ten feet, Boyd heard a thud and then stopped the vehicle and learned that he had struck plaintiff. Plaintiff also submitted his own deposition, wherein he testified that, although he "believed" that he was stationary at the time of impact, he could not recall whether he was stationary or pacing as he smoked his cigarette and talked on the phone. Plaintiff further testified that he did not see the vehicle driven by Boyd until it struck him. Boyd's testimony, if believed by the trier of fact, would support a finding that plaintiff was not stationary behind the vehicle and instead walked into the vehicle's path unexpectedly, and that Boyd was therefore not negligent. Under the circumstances, plaintiff's own submissions raised an issue of fact on the issue of negligence (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Contrary to plaintiff's further contention, we conclude that the court properly denied his motion with respect to the issues of proximate cause and serious injury. With respect to proximate cause, inasmuch as plaintiff could not recall whether he was stationary or pacing, his own submissions raise triable issues of fact whether he was comparatively negligent in potentially walking directly into the path of a reversing vehicle (see Tiwari v Tyo, 106 AD3d 1462, 1463 [4th Dept 2013]).
With respect to serious injury, we note that, although plaintiff, in his motion, alleged injuries to his left shoulder and cervical spine, he limits his contentions on appeal to the injuries to his left shoulder, thus abandoning any appellate contention that the accident caused any serious injury to his cervical spine (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). As for the left shoulder, plaintiff submitted medical records and expert testimony demonstrating that the accident caused the injuries to his shoulder and that those injuries constituted serious injuries under the permanent consequential limitation of use and significant limitation of use categories of serious injury (see Insurance Law § 5102 [d]). Plaintiff also submitted, however, the opinion of a treating physician that, in the months immediately following the accident, plaintiff had full range of motion in his left shoulder but with "pain on extremes." Additionally, plaintiff submitted the report of an orthopedist who opined that any injury plaintiff may have sustained to his left shoulder as a result of the accident did not constitute a serious injury.
"[W]hether a limitation of use . . . is significant or consequential . . . relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part" (Toure v Avis Rent A Car Sys., Inc., 98 NY2d 345, 353 [2002], rearg denied 98 NY2d 728 [2002] [internal quotation marks omitted]; see Wright v Wilson, 211 AD3d 1621, 1623 [4th Dept 2022]). Moreover, "[a] significant limitation of use of a body function or member does not require a showing of permanency, and 'any assessment of the significance of a bodily limitation necessarily requires consideration not only of the extent or degree of the limitation, but of its duration as well' " (Gates v Longden, 120 AD3d 980, 981 [4th Dept 2014]; see generally Campo v Neary, 52 AD3d 1194, 1197 [4th Dept 2008]).
Here, inasmuch as courts "may not weigh the credibility of the affiants on a motion for summary judgment unless it clearly appears that the issues are not genuine, but feigned" (Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439, 441 [1968]), we conclude that the conflicting medical opinions submitted by plaintiff mandated denial of plaintiff's motion because they raised a question of fact whether he sustained a serious injury that was caused by the accident (see generally Hollenbeck v Barry, 199 AD3d 1329, 1329 [4th Dept 2021]; Linnane v Szabo, 111 AD3d 1304, 1305 [4th Dept 2013]).
All concur except Bannister and Ogden, JJ., who dissent and vote to modify in accordance with the following memorandum: We respectfully dissent inasmuch as we conclude that Supreme Court erred in denying that part of plaintiff's motion seeking summary judgment on the issue of negligence, and we would therefore modify the order accordingly. Plaintiff met his initial burden on the motion by establishing as a matter of law that defendant Daniel Boyd was negligent in, inter alia, backing the vehicle into plaintiff without properly looking behind him (see Gill v Braasch, 100 AD3d 1415, 1415 [4th Dept 2012]). Plaintiff submitted Boyd's deposition testimony that, when Boyd was getting into his vehicle, he observed people smoking in the area behind his vehicle. He testified that, prior to backing up the vehicle, he turned his head to look out of the left side mirror of the vehicle and that, although he "peeked" or took a "very quick glance" in his rear- view mirror, he focused his attention on the left side mirror. As he began backing up, he heard a thud, stopped the vehicle and learned that the vehicle had hit plaintiff. Based on that deposition testimony, we conclude that plaintiff established as a matter of law that Boyd was negligent in failing to see that which, under the circumstances, he should have seen and in backing the vehicle up before ascertaining that it was safe to do so (see generally Waltz v Vink, 78 AD3d 1621, 1621-1622 [4th Dept 2010]). Further, in our view, defendants failed to raise an issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We disagree with the majority that there is an issue of fact concerning plaintiff's comparative fault that precludes summary judgment on the issue of negligence. Plaintiff was not required to anticipate that Boyd would back his vehicle toward him, as it was Boyd's obligation in the first place to ensure it was safe to back up his vehicle. We otherwise [*2]agree with the majority's determination that questions of fact exist with respect to causation and whether plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court