# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**855**

**CA 12-01981**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

GAIL VANDERBROOK, PLAINTIFF-RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

EMERALD SPRINGS RANCH, EMERALD SPRINGS
RANCH, LLC, JOYCE DE VALINGER AND THOMAS
DE VALINGER, DEFENDANTS-APPELLANTS.

---

SUGARMAN LAW FIRM, LLP, SYRACUSE (STEPHEN DAVOLI OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

PHETERSON & PHETERSON, ROCHESTER (PAUL D. VACCA OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Wayne County (John B.
Nesbitt, A.J.), entered September 7, 2011. The order, among other
things, denied the motion of defendants for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
personal injuries she sustained while riding a horse on a guided trail
ride at defendant Emerald Springs Ranch, LLC (Ranch), which is a
business operated by defendant Joyce De Valinger (hereafter,
defendant). During the ride, the horse brushed up against a tree,
plaintiff was unable to push away from the tree, and the tree caught
plaintiff's leg allegedly injuring her leg and hip.

Supreme Court properly denied the motion of defendants for
summary judgment dismissing the complaint. Defendants failed to meet
their initial burden of establishing entitlement to judgment as a
matter of law on the issues of the horse's vicious propensity and
defendants' knowledge of that propensity (*see generally Alvarez v
Prospect Hosp.*, 68 NY2d 320, 324). It is well settled that "the owner
of a domestic animal who either knows or should have known of that
animal's vicious propensities will be held liable for the harm the
animal causes as a result of those propensities" (*Collier v Zambito*, 1
NY3d 444, 446). "[A]n animal that behaves in a manner that would not
necessarily be considered dangerous or ferocious, but nevertheless
reflects a proclivity to act in a way that puts others at risk of
harm, can be found to have vicious propensities—albeit only when such
proclivity results in the injury giving rise to the lawsuit" (*id.* at
447). In support of their motion, defendants submitted the deposition

testimony of plaintiff, wherein she testified that defendant and a guide employed by the Ranch instructed plaintiff to push off of the trees if the horse walked too closely to the trees on the single-file woodland trail. Defendants also submitted the deposition testimony of defendant, in which she admitted that she told her guides to instruct riders to push off of the trees if the horses rode too closely to them. Consequently, defendants' evidence raised a question of fact whether they knew of the horse's propensity to walk too closely to the trees, which was the behavior that allegedly caused plaintiff's injury.

Additionally, defendants failed to establish their entitlement to summary judgment dismissing the complaint on the ground that plaintiff executed a release of liability. Even assuming, arguendo, that defendants conclusively demonstrated that plaintiff executed the release, we conclude that, under these circumstances, where the riding lesson was ancillary to the recreational activity of horseback riding, General Obligations Law § 5-326 renders the release void as against public policy (*see generally Tiede v Frontier Skydivers, Inc.*, 105 AD3d 1357, 1358-1359).

Finally, defendants failed to establish as a matter of law that plaintiff assumed the risk of horseback riding. Horseback riding "[p]articipants will not be deemed to have assumed unreasonably increased risks" (*Corica v Rocking Horse Ranch, Inc.*, 84 AD3d 1566, 1567). Here, defendants submitted evidence that raised a question of fact whether they unreasonably increased the risks of horseback riding by using a bitless bridle on their horses, which did not provide plaintiff with the ability to control the horse, and by failing to give plaintiff, who was a novice rider, adequate instructions on how to control the horse (*see generally id*. at 1568). Defendants' failure to make the required prima facie showing of entitlement to judgment as a matter of law mandates the denial of their motion regardless of the sufficiency of plaintiff's opposing papers (*see generally Alvarez*, 68 NY2d at 324; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

Entered: September 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court