Ulin v Hobart & William Smith Colls. (2018 NY Slip Op 00985)





Ulin v Hobart & William Smith Colls.


2018 NY Slip Op 00985


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


140 CA 17-00604

[*1]MEGAN ULIN, PLAINTIFF-RESPONDENT,
v
HOBART AND WILLIAM SMITH COLLEGES, BY AND THROUGH ITS AGENTS, OFFICERS, AND/OR EMPLOYEES, AND DANIEL THOMPSON, INDIVIDUALLY, AND AS AN AGENT, OFFICER, AND/OR EMPLOYEE OF HOBART AND WILLIAM SMITH COLLEGES, DEFENDANTS-APPELLANTS. 






LAW OFFICES OF THERESA J. PULEO, ALBANY (NORAH M. MURPHY OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
BOTTAR LEONE, PLLC, SYRACUSE (ADAM P. MASTROLEO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Spencer J. Ludington, A.J.), entered December 19, 2016. The order denied defendants' motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this negligence action to recover damages for injuries she sustained while she was sailing on Seneca Lake as part of a beginner sailing course offered by defendant Hobart and William Smith Colleges, by and through its agents, officers, and/or employees, and taught by defendant Daniel Thompson, individually, and as an agent, officer, and/or employee of Hobart and William Smith Colleges. While plaintiff was sailing, her boat capsized and, during her efforts to right the capsized boat, the boom struck her in the head. Defendants moved for summary judgment dismissing the complaint based upon plaintiff's assumption of the risk, and Supreme Court denied the motion. We affirm.
"The assumption of [the] risk doctrine applies as a bar to liability where a consenting participant in sporting or recreational activities is aware of the risks; has an appreciation of the nature of the risks; and voluntarily assumes the risks' " (Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 56 [2d Dept 2014], quoting Morgan v State of New York, 90 NY2d 471, 484 [1997]). "However, the doctrine of primary assumption of [the] risk will not serve as a bar to liability if the risk is unassumed, concealed, or unreasonably increased" (id.). Here, even assuming, arguendo, that defendants established as a matter of law that plaintiff assumed the risks inherent in sailing, we conclude that plaintiff raised triable issues of fact whether defendants unreasonably increased the risks associated with sailing by failing to provide any capsize recovery training to plaintiff and by letting plaintiff sail on the lake under the weather conditions present on the day of the accident (see generally Brown v Roosevelt Union Free Sch. Dist., 130 AD3d 852, 854 [2d Dept 2015]; Vanderbrook v Emerald Springs Ranch, 109 AD3d 1113, 1115 [4th Dept 2013]; Gilbert v Lyndonville Cent. Sch. Dist., 286 AD2d 896, 896 [4th Dept 2001]).
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court