Enos-Groff v Schumacher (2018 NY Slip Op 02960)





Enos-Groff v Schumacher


2018 NY Slip Op 02960


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


384 CA 17-01827

[*1]HEATHER ENOS-GROFF AND BRIAN GROFF, PLAINTIFFS-APPELLANTS,
v
LAURA M. SCHUMACHER, DANIEL SCHUMACHER, JOHN SCHUMACHER, SCHUM-ACRES & ASSOC., INC., DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 






HALL AND KARZ, CANANDAIGUA (PETER ROLPH OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
GOLDBERG SEGALLA LLP, BUFFALO (BRIAN R. BIGGIE OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Ontario County (Craig J. Doran, J.), entered April 17, 2017. The order granted the motion of defendants Laura M. Schumacher, Daniel Schumacher, John Schumacher and Schum-Acres & Assoc., Inc., for summary judgment dismissing the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated against defendants-respondents.
Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Heather Enos-Groff (plaintiff) when she fell from a horse during a horseback riding lesson conducted by Laura M. Schumacher (defendant). We agree with plaintiffs that Supreme Court erred in granting the motion of defendants-respondents (defendants) for summary judgment dismissing the complaint against them on the ground that plaintiff assumed the risk of horseback riding. We note that, in opposition to the motion, plaintiffs submitted, inter alia, the affidavit of an expert with more than 20 years of experience in training horseback riding instructors. The expert opined that defendant unreasonably increased the risks of horseback riding by numerous acts and omissions, including selecting an inappropriate horse for a novice rider such as plaintiff; providing an unsafe riding space that had ground poles; and failing, prior to bringing the horse to a trot, to ensure that plaintiff knew how to control the horse's speed and dismount in the event of an emergency. Thus, even assuming, arguendo, that defendants met their burden of establishing their entitlement to judgment as a matter of law (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]), we conclude that plaintiffs raised an issue of fact whether defendants unreasonably increased the risks of horseback riding (see Vanderbrook v Emerald Springs Ranch, 109 AD3d 1113, 1115 [4th Dept 2013]; Fenty v Seven Meadows Farms, Inc., 108 AD3d 588, 588 [2d Dept 2013]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court