■ OZELL WEATHER et al., Respondents, v NORTH AMERICAN RECYCLING CORPORATION et al., Appellants. [679 NYS2d 213] —Peters, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered January 13, 1998 in Rensselaer County, which, *inter alia*, granted plaintiff Eldarosa Coulthrust's motion for preclusion and summary judgment dismissing defendants' counterclaim and granted plaintiff Ozell Weather's motion for partial summary judgment on the issue of liability.

Defendant Jeffrey Thatcher, a truck driver for defendant North American Recycling Corporation, was driving a 19-foot box truck in the City of Troy, Rensselaer County, when he realized that he was lost. To turn around, Thatcher planned to back up approximately 20 feet and turn into an empty lot. After bringing the truck to a complete stop, he waited approximately one minute before backing up. Thatcher testified that he checked his rearview mirrors and, viewing no moving traffic, he began to slowly move backward to negotiate the turn. He testified, however, that he never noticed, at any time, if any vehicles were traveling behind him in the same direction. Admitting that he was fully aware of the many possible hazards associated with backing up, including the existence of

a blind spot in the rear, he confirmed that he neither exited his vehicle nor sounded his horn, despite the lack of rear movement warning devices. As he was slowly proceeding, his truck hit plaintiffs' car. Exiting to observe the result of the impact, he observed only one person in plaintiffs' vehicle—plaintiff Ozell Weather in the driver's seat. Leaving to call the police, he returned to find Weather's wife—plaintiff Eldarosa Coulthrust—approaching with their two small children. After the police arrived and Thatcher reported that only Weather was involved in the accident, he was issued a violation for unsafe backing of a vehicle to which he later pleaded guilty.

According to the pretrial testimony of Coulthrust, she, along with their two children, were in the car with Weather at the time of the accident. She stated that she was driving behind the truck, slowing when it did and stopping as it stopped. Immediately prior to the impact, she was approximately two car lengths behind when "the next thing [she] knew, the vehicle was moving backwards". She contended that she had no time to react and that even if she could, a wall to her right would have forced her vehicle into traffic. After the impact, she contended that she left to call the police. Weather, on the other hand, testified that only he, his wife and one of his children were in the car at the time and that he could not recall any details of the collision because he was assisting his daughter with her car seat at the time. He testified that after the impact, he got out of the car with his daughter and waited for the police.

After the commencement of this personal injury action, defendants filed a counterclaim alleging, *inter alia*, failure to use a seatbelt. Supreme Court thereafter entered a scheduling order concerning the counterclaim. Alleging an insufficient response, Coulthrust moved for dismissal of the counterclaim or, in the alternative, for a preclusion order. Weather moved for summary judgment on the issue of liability prompting defendants' cross motion for additional time to serve an amended bill of particulars. Supreme Court granted Coulthrust's motion for preclusion, dismissed defendants' counterclaim and denied defendants' cross motion.

Upon this appeal by defendants, we find no basis to disturb the award of partial summary judgment on the issue of Thatcher's negligence. With the proof consisting almost entirely of Thatcher's own admissions, which were fully consistent with plaintiffs' rendition as to how the accident occurred, the burden shifted to defendants to proffer evidentiary proof in admissible form demonstrating the existence of a material issue of fact

requiring a trial (*see, Zuckerman v City of New York*, 49 NY2d 557). Having failed to present any evidence disputing the negligence of Thatcher or supporting any culpable conduct on the part of the driver of plaintiffs' vehicle, regardless of the driver's identity, we affirm the award of partial summary judgment on the issue of liability.* Upon this finding, we find no error·in Supreme Court's dismissal of the counterclaim against Coulthrust or in its refusal to allow defendants to submit a supplemental bill of particulars (*see, Smith v Plaza Transp. Ambulance Serv.*, 243 AD2d 555).

As to Coulthrust's request for costs due to defendants' failure to comply with the rules of this Court (*see,* 22 NYCRR 800.9 [a]), we hereby exercise our discretion and grant the request (*see,* 22 NYCRR 800.9 [d]; *Rubenstein v Woodstock Riding Club*, 208 AD2d 1160).

Mercure, J. P., Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs to plaintiff Eldarosa Coulthrust.

---

* As to the conflicting testimony regarding those present in plaintiffs' vehicle at the time of impact, such credibility determinations will be relevant on the issue of damages should plaintiffs be able to sustain their burden of proving a "serious injury" under Insurance Law § 5102 (d).