■ CANDACE PRESSNER, Respondent, v DANIEL SERRANO et al., Appellants. [688 NYS2d 227] —In an action to recover dam-

ages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Winick, J.), entered April 7, 1998, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability. The evidence unequivocally demonstrated that the defendant Daniel Serrano was negligent in backing up his tractor-trailer without first ascertaining whether there was a vehicle behind him (*see,* Vehicle and Traffic Law § 1211 [a]; *see generally, McLaurin v Ryder Truck Rental,* 123 AD2d 671; *De Sessa v City of White Plains,* 30 Misc 2d 817). This negligence was the sole proximate cause of the collision with the plaintiff's automobile, which was stopped behind the truck in a travel lane of a public roadway. Although the defendants contend that the plaintiff negligently failed to avoid the accident by backing out of the way of the truck, the uncontroverted deposition testimony of the plaintiff established that, immediately prior to the collision, the plaintiff looked in her rear-view mirror and observed another vehicle stopped directly behind her own, thereby negating any possibility of evasive action.

Even if we were to assume, as the defendants conclusorily argue, that there was no vehicle behind the plaintiff's automobile just before the collision, the plaintiff still would be entitled to summary judgment. The Supreme Court correctly observed that, given the sudden and unexpected backing up of the truck, the short distance which it traveled before striking the plaintiff's automobile, and the brief period of time which the plaintiff had to react, any purported error in judgment on her part did not constitute negligence under the circumstances of the emergency with which she was confronted and was not a proximate cause of the accident (*see, e.g., Borst v Sunnydale Farms,* 258 AD2d 488; *Bentley v Moore,* 251 AD2d 612; *Velez v Diaz,* 227 AD2d 615; *Koch v Levenson,* 225 AD2d 592). S. Miller, J. P., Santucci, Sullivan and Florio, JJ., concur.