■ David Flanel et al., Appellants, et al., Plaintiff, v Maglione Italian Ices et al., Respondents, et al., Defendants. [698 NYS2d 711] —In an action to recover damages for personal injuries, etc., the plaintiffs David Flanel and Deborah Flanel appeal from an order of the Supreme Court, Nassau County (Franco, J.), dated October 8, 1998, which denied their motion for partial summary judgment on the issue of liability against the defendants Maglione Italian Ices and Rafael Valle.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for a trial on the issue of damages.

Once the proponent of a motion for summary judgment makes a prima facie showing of entitlement to judgment as a matter of law, the burden shifts to the parties opposing the motion to rebut the movant's case by presenting evidentiary facts in admissible form sufficient to require a trial of any material issue of fact (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320). "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to raise a triable issue of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562).

The appellants made out a prima facie case for summary judgment by establishing that the defendant Rafael Valle was negligent in the operation of his employer's golf cart and that this negligence was the sole cause of the collision with the injured plaintiff who was walking in a pedestrian area. The

defendants' conclusory assertion that the injured plaintiff could have taken measures to avoid the collision is unsupported by the record and, in any event, the purported error in judgment would not constitute negligence under the emergency with which he was confronted. Emergency circumstances were demonstrated by the sudden and unexpected intrusion of the golf cart into a pedestrian area, the short distance it traveled before hitting the injured plaintiff, and the brief period of time in which he had to react (*see, Pressner v Serrano,* 460 AD2d 458; *Borst v Sunnydale Farms,* 258 AD2d 488).

Therefore, the appellants' motion for partial summary judgment on the issue of liability is granted (*see, Barba v Best Sec. Corp.,* 235 AD2d 381). Altman, J. P., H. Miller, Schmidt and Smith, JJ., concur.