■ Lilliana Garcia et al., Appellants, v Verizon New York, Inc., et al., Respondents. [781 NYS2d 93]—

Order, Supreme Court, Bronx County (Alan Saks, J.), entered December 10, 2003, which denied plaintiffs-appellants' motion for partial summary judgment on liability, unanimously reversed, on the law, without costs, the motion granted and the matter remanded for further proceedings.

In this personal injury action arising out of a motor vehicle accident, plaintiffs moved for partial summary judgment on the ground that defendants' negligence was established as a matter of law by the undisputed fact that their driver backed up his truck into the stopped vehicle driven by plaintiff Garcia. In her deposition, plaintiff Garcia testified that she stopped her car one car length behind defendant's truck, with no cars behind her. According to plaintiff, the truck suddenly began backing up quickly and struck the front of her vehicle. Plaintiff alleges that she sounded her horn and screamed, but otherwise had no time to react before the collision.

Defendants' driver admits that he backed up into plaintiffs' vehicle and never saw it until after the accident. However, he also testified that he backed up his truck only because he was blocking the path of a bus, and that he was moving only at one or two miles per hour at the time of the accident. He further testified that he and his partner looked behind them before backing up and saw no other vehicle. In their opposition papers, defendants argued that their driver exercised reasonable care under the circumstances and that triable issues of fact existed with respect to whether Garcia's own conduct could have contributed to the accident, such as by failing to take evasive maneuvers to avoid the collision. In reply, Garcia submitted an affidavit stating that "[t]here was absolutely nothing I could do to avoid the Defendants' vehicle from hitting the front of my vehicle."

Supreme Court denied plaintiffs' motion, finding "material issues of fact with respect to the plaintiff driver's comparative fault in causing the accident, notwithstanding that it was defendant . . . that backed his vehicle into plaintiff's vehicle." The court declined to consider Garcia's affidavit, submitted in reply,

on the ground that it attempted to offer facts not previously presented. We reverse.

Supreme Court erred in denying plaintiffs' motion for partial summary judgment on liability as the evidence submitted by both parties demonstrates that defendants' driver was negligent as a matter of law in backing up the truck into plaintiffs' stopped car without taking adequate precautions (*see* Vehicle and Traffic Law § 1211 [a]; *see also Pressner v Serrano*, 260 AD2d 458, 459 [1999]; *McLaurin v Ryder Truck Rental*, 123 AD2d 671, 672-673 [1986]). Contrary to defendants' argument, neither the fact that defendants' driver was attempting to clear a path for a bus, nor that he and his coworker looked to see if another vehicle was behind the truck, constitute a legal excuse for their negligent conduct.

Plaintiffs having met their initial burden on the motion, the burden shifted to defendants to offer evidentiary proof demonstrating the existence of a material issue of fact requiring a trial (*see Weather v North Am. Recycling Corp.*, 255 AD2d 666, 667-668 [1998]; *see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]). Defendants' assertion that an issue of fact was raised as to plaintiff Garcia's comparative negligence is speculative and unsupported by the record. " '[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient' to raise a triable issue of fact" (*Flanel v Maglione Italian Ices*, 266 AD2d 505, 505 [1999], quoting *Zuckerman v City of New York*, 49 NY2d at 562). Garcia's affidavit, consistent with her deposition testimony and erroneously excluded by the court, belies the court's conclusion that Garcia may have been comparatively negligent.

Given the sudden and unexpected backing up of defendants' truck, the short distance between the two vehicles before impact and the brief period of time Garcia had to react before the collision, Garcia's alleged failure to take evasive measures did not constitute negligence under the emergency-like circumstances confronting her and was not a proximate cause of the accident (*Pressner v Serrano*, 260 AD2d at 459; *see also Flanel v Maglione Italian Ices*, 266 AD2d 505, 506 [1999]; *Borst v Sunnydale Farms, Inc.*, 258 AD2d 488, 489-490 [1999]). Concur—Tom, J.P., Saxe, Ellerin, Williams and Gonzalez, JJ.