■ RICHARD BIRNBAUM, Respondent, v RITA HYMAN, Appellant, et al., Defendants. RITA HYMAN et al., Appellants, v CITY OF NEW YORK et al., Defendants, and RICHARD BIRNBAUM, Respondent. [841 NYS2d 274]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered April 5, 2006, which, in related actions, granted Richard Birnbaum's motions for summary judgment, unanimously reversed, on the law, without costs, and the motions denied.

These two related actions arise from a two-car collision on May 8, 2003 on Riverdale Avenue near 231st Street in the Bronx. This particular section of Riverdale Avenue had been a two-way road. However, more than a year before the accident, part of the retaining wall along Riverdale Avenue collapsed. As a result, that section of Riverdale Avenue was reduced to one lane and temporarily made one way, northbound. Birnbaum was driving north, up a hill, and Rita Hyman was driving in the same lane in the opposite, wrong direction. Both sustained injuries. Each commenced a separate action against, inter alia, each other and New York City.

Birnbaum moved for summary judgment in both actions on the ground that there was no issue of fact as to liability, and Supreme Court granted the motions.

It is axiomatic that summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of factual issues (*Millerton Agway Coop. v Briarcliff Farms*, 17 NY2d 57, 61 [1966], citing *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]); " 'issue-finding, rather than issue-determination, is the key to the procedure' " (*Sillman* at 404, quoting *Esteve v Abad*, 271 App Div 725, 727 [1947]). We find that the motion court improperly resolved material issues of fact and we therefore reverse.

As the proponent of summary judgment, Birnbaum established, prima facie, that Rita Hyman was traveling in the wrong direction on Riverdale Avenue. However, in opposition, Hyman raised numerous triable issues of fact. Illustrative, but not exhaustive, are whether Birnbaum was driving in excess of the speed limit, and, if not, whether he was traveling too fast for the road conditions, which were described as wet, hilly, and curving, and whether "do not enter" signs were adequately posted at the entrance to the one-way portion of the road. Indeed, there was testimony that the "do not enter" sign alternated with a "speed limit enforced" sign, thus raising an issue as to whether the "do not enter" sign was even displayed at the time Rita Hyman entered the one-way road. Moreover, at

the time Birnbaum moved for summary judgment, defendant City had not yet produced discovery regarding the sign placement plans that went into effect after the retaining wall collapsed, what signs and traffic control devices were used, where they were placed, and the posted speed limit. Concur—Mazzarelli, J.P., Friedman, Marlow, McGuire and Malone, JJ.