Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered November 5, 2012, which, to the extent appealed from, granted plaintiffs motion for summary judgment on the issue of liability, and denied defendant’s cross motion to dismiss the complaint, unanimously affirmed, without costs.
Defendant contends that workers’ compensation benefits are plaintiffs exclusive remedy for the injuries he sustained when he was struck by the truck defendant was driving (see Workers’ Compensation Law § 29 [6]). However, issues of fact exist whether the parties were “acting within the scope of their employment, as coemployees, at the time of injury” (see Macchirole v Giamboi, 97 NY2d 147, 150 [2001]). Both were working on a film set in midtown Manhattan. However, defendant testified that he believed he was an employee of Entertainment *585 Partners, while the Workers’ Compensation Board found that plaintiff was employed by ESPG Management Services. At the time of injury, plaintiff was engaged in keeping unauthorized vehicles from parking along the curb in the vicinity of the set, one of his duties; defendant had just arrived for work and was trying to park his truck. While, generally, traveling to and from work is not deemed to be within the scope of employment, as an employee approaches the site of his employment, “there develops a gray area where the risks of street travel merge with the risks attendant with employment” (Matter of Husted v Seneca Steel Serv., 41 NY2d 140, 144 [1976] [internal quotation marks omitted]). Then the test of compensability is whether there is a causal relationship between the employment and the accident and whether the employee “was exposed to a particular risk not shared by the public generally” (id. at 145). Issues of fact exist whether defendant’s accident was causally related to a risk attendant with his employment rather than one shared by the public generally.
As to plaintiffs motion for partial summary judgment, defendant was entitled to rely on the certified, albeit unsigned, copy of his own deposition transcript, the accuracy of which even plaintiff did not dispute (see e.g. Bennett v Berger, 283 AD2d 374 [1st Dept 2001]). Indeed, plaintiff submitted a signed, sworn, and certified copy of defendant’s deposition testimony in support of his own motion. However, in any event, the testimony failed to raise an issue of fact in support of defendant’s theory that plaintiff was comparatively negligent (see Garcia v Verizon N.Y., Inc., 10 AD3d 339 [1st Dept 2004]).
Plaintiff established prima facie that defendant failed to take proper precautions when he backed his truck and struck plaintiff. The evidence shows that defendant checked his side view mirrors, but not his rearview mirror, before backing (see Vehicle and Traffic Law § 1211 [a]; Gill v Braasch, 100 AD3d 1415 [4th Dept 2012]; Bukharetsky v Court St. Off. Supplies, Inc., 82 AD3d 812 [2d Dept 2011]). In opposition, defendant argued that plaintiff may have been talking on his cell phone at the time, because as he began backing his truck, he heard a bump, and when he looked through his driver’s-side mirror he saw a cell phone flying through the air. Defendant’s argument is speculative and is refuted not only by his own testimony that he was backing his vehicle into oncoming traffic on a one-way five-lane avenue, without sounding a horn or using appropriate signals, that he did not see plaintiff before the accident, and that he never tried to locate the cell phone, but also by plaintiffs testimony that his hands were free while directing the movie *586 trucks into their parking locations.
Concur—Andrias, J.P., Acosta, Freedman, Richter and Gische, JJ.