■ Gary Drummond, Plaintiff, v Andres Perez et al., Appellants, and Lawrence Williams, Respondent. [45 NYS3d 441]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered February 3, 2015, which granted defendant Lawrence Williams's motion for summary judgment dismissing the complaint and all cross claims as against him, unanimously affirmed, without costs.

This action arises from a motor vehicle accident in which defendant Williams, who was turning left from an eastbound lane in an uncontrolled intersection, and defendant Perez, who had initially parked in a westbound lane and was backing across the intersection, collided. Perez testified that he only looked in his rear-view mirror before backing up.

The record demonstrates as a matter of law that Perez, who failed to turn his head to look behind him before backing across the intersection, to make sure that he could do so safely, was negligent (*see* Vehicle and Traffic Law § 1211 [a]; *Ortiz v Lynch*, 105 AD3d 584 [1st Dept 2013]; *Gill v Braasch*, 100 AD3d 1415 [4th Dept 2012]; *Garcia v Verizon N.Y., Inc.*, 10 AD3d 339 [1st Dept 2004]). Contrary to the argument advanced by Perez and defendant NYLL Management, Ltd., the owner of the vehicle Perez was driving, Perez did not have the right of way under Vehicle and Traffic Law § 1141, because his vehicle was not coming from the "opposite direction" as Williams was making his left turn. Neither did Perez have the right of way under Vehicle and Traffic Law § 1140, because he was backing up, which is not permitted "unless such movement can be made with safety and without interfering with other traffic" (Vehicle and Traffic Law § 1211 [a]).

Perez and NYLL's contention that Williams was comparatively negligent in failing to use reasonable care or to take evasive measures to avoid the accident is purely speculative

and therefore insufficient to raise an issue of fact (*see Garcia,* 10 AD3d at 340). Williams was not required to anticipate that a vehicle would enter the intersection against the direction of traffic (*see Vatter v Gibson,* 228 AD2d 581 [2d Dept 1996]). In addition, Williams testified that he did not see Perez's vehicle backing up until after he had started his turn and had crossed the first lane on the westbound side.

Perez and NYLL argue that Williams contributed to the accident by driving with unlighted head lamps after sunset (*see* Vehicle and Traffic Law § 375 [2] [a]). However, since Perez testified that he did not turn to look behind him before backing up, Perez and NYLL failed to show that any failure on Williams's part to turn on his headlights was a substantial factor in causing the accident. Whether Perez would have seen the head lamps on Williams's turning vehicle had they been lighted is a matter of speculation. Concur—Sweeny, J.P., Renwick, Andrias, Kahn and Gesmer, JJ.