Logan v Apex Express, Inc. (2018 NY Slip Op 06892)





Logan v Apex Express, Inc.


2018 NY Slip Op 06892


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2017-06217
 (Index No. 501291/15)

[*1]Jennifer Logan, plaintiff-respondent, 
v
Apex Express, Inc., et al., defendants-respondents, CBT Para Transit, Inc., et al., appellants.


Armienti, DeBellis, Guglielmo & Rhoden, LLP, New York, NY (Vanessa M. Corchia and Stanley C. So of counsel), for appellants.
Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for plaintiff-respondent.
Andrea G. Sawyers, Melville, NY (Scott W. Driver of counsel), for defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants CBT Para Transit, Inc., and Ramon Beato appeal from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated May 12, 2017. The order denied the motion of those defendants for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
On the afternoon of December 11, 2013, the plaintiff was a passenger in an Access-A-Ride van owned by the defendant CBT Para Transit, Inc. (hereinafter CBT), and operated by the defendant Ramon Beato (hereinafter together the CBT defendants). The CBT vehicle came into contact with a vehicle owned by the defendant Apex Express, Inc. (hereinafter Apex), and operated by the defendant "John Doe" at or near the intersection of Lexington Avenue and 51st Street in Manhattan. The plaintiff commenced this personal injury action against the defendants. The CBT defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied the motion. The CBT defendants appeal.
The CBT defendants established, prima facie, that the operator of the Apex vehicle was solely at fault in the happening of the accident. Among other things, they submitted an affidavit of Beato, who stated that the CBT vehicle was stopped in heavy traffic when the Apex vehicle was operated in reverse and struck the CBT vehicle (see Vehicle and Traffic Law § 1211[a]; Bukharetsky v Court St. Off. Supplies, Inc., 82 AD3d 812, 813; Sanabria v Paduch, 61 AD3d 839; Pragay v Lavado, 45 AD3d 828; Elefantis v P.O.P. Displays, Inc., 44 AD3d 608; Ortiz v Calavera, 26 AD3d 319; Pressner v Serrano, 260 AD2d 458, 459). In opposition, however, Apex and John Doe submitted the affidavit of Robert Guarino, who stated that he was the driver of the Apex vehicle at the time of the accident. Guarino's affidavit raised triable issues of fact as to how the accident [*2]occurred and whether Beato was at fault in the happening of the accident (see generally Pilgrim v Vishwanathan, 151 AD3d 769, 771; Pinchevsky v Lasher, 125 AD3d 624; Liesetskiy v Weiss, 123 AD3d 775, 776; Elefantis v P.O.P. Displays, Inc., 44 AD3d at 608). Guarino averred that the Apex vehicle was stopped at the time of the accident and that any contact between the Apex vehicle and the CBT vehicle was caused by Beato when he attempted to maneuver the CBT vehicle around the stopped Apex vehicle. Contrary to the CBT defendants' contention, the Supreme Court providently exercised its discretion in disregarding the mistake or irregularity in Guarino's out-of-state affidavit with respect to the venue of the affidavit (see CPLR 2001; cf. Midfirst Bank v Agho, 121 AD3d 343, 351).
Accordingly, we agree with the Supreme Court's determination to deny the CBT defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court