Grullon v Coscia (2020 NY Slip Op 06106)





Grullon v Coscia


2020 NY Slip Op 06106


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2018-08926
 (Index No. 4637/11)

[*1]William Grullon, et al., appellants,
v
Joseph M. Coscia, et al., respondents.


William Schwitzer & Associates, P.C., New York, NY (Howard R. Cohen of counsel), for appellants.
Joseph R. Crafa, P.C., Garden City, NY, for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Richard J. Montelione, J.), entered May 17, 2018. The judgment, upon a jury verdict in favor of the defendants on the issue of liability, is in favor of the defendants and against the plaintiffs dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiffs commenced this action to recover damages for personal injuries they allegedly sustained when their vehicle was in a collision with the defendants' vehicle in Brooklyn. After a jury trial, a verdict was returned in favor of the defendants on the issue of liability. The Supreme Court entered a judgment, upon the verdict, in favor of the defendants and against the plaintiffs dismissing the complaint. The plaintiffs appeal.
We agree with the Supreme Court's determination to instruct the jury on the emergency doctrine. "If, under some reasonable view of the evidence, an actor was confronted by a sudden and unforeseen occurrence not of the actor's own making, then the reasonableness of the conduct in the face of the emergency is for the jury, which should be appropriately instructed" (Rivera v New York City Tr. Auth., 77 NY2d 322, 327; see Figgiani v Crociata, 174 AD3d 684, 684).
Here, viewing the testimony in the light most favorable to the defendants, there is a "reasonable view of the evidence supporting the occurrence of a 'qualifying emergency'" (Caristo v Sanzone, 96 NY2d 172, 175, quoting Rivera v New York City Tr. Auth., 77 NY2d at 327; see Figgiani v Crociata, 174 AD3d at 684). The defendant driver testified that he stopped his vehicle 8 to 10 feet from a stopped oil truck that was blocking the roadway. The oil truck then began to back up, which caused the defendant driver to reverse his vehicle to avoid being struck. According to the defendant driver, the plaintiffs' vehicle approached his vehicle as he was trying to avoid the oil truck, at which time their vehicles collided.
Under these circumstances, there is a reasonable view of the evidence that the oil [*2]truck's act of reversing into the area occupied by the defendants' vehicle was a sudden and unexpected circumstance that confronted the defendant driver and was not of his own making (see Pressner v Serrano, 260 AD2d 458, 459). It was, therefore, proper to deliver a jury charge on the emergency doctrine (see Pelletier v Lahm, 24 NY3d 966, 968; Figgiani v Crociata, 174 AD3d at 685).
BALKIN, J.P., COHEN, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court