| |
|---|
| **Pena v Valdes** |
| 2024 NY Slip Op 31189(U) |
| April 8, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158954/2022 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. JAMES G. CLYNES**      PART     **22M**

*Justice*

-------------------------------------------------------------------X

JOEL MATOS PENA,

            Plaintiff,

     - v -

LINDIA D. VALDES, MICHAEL T. DAVISON, DANIEL
BRYANT III, C BLACKBURN INC.

        Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158954/2022 |
| MOTION DATE | 09/18/2023, 10/05/2023, 10/20/2023 |
| MOTION SEQ. NO. | 001 002 003 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 10, 11, 12, 13, 14, 15, 16, 17, 34, 35, 36, 37, 38, 39, 40, 41, 42, 57

were read on this motion to/for         JUDGMENT - SUMMARY     .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 49, 50, 51, 52, 65, 66, 67, 68

were read on this motion to/for         JUDGMENT - SUMMARY     .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 43, 44, 45, 46, 47, 48, 53, 54, 55, 56, 58, 59, 60, 61, 62, 63, 64

were read on this motion to/for     SUMMARY JUDGMENT (AFTER JOINDER)   .

Upon the foregoing documents, it is ordered that the motions by Defendant Michael T. Davison (Davison) for summary judgment and dismissal of the complaint and all cross-claims against him (Motion sequence no. 001); by Defendants Daniel Bryant III (Bryant) and C. Blackburn Inc. (Blackburn) for summary judgment on liability in their favor and dismissal of the complaint and all cross-claims against them (Motion sequence no. 002); and by Plaintiff for partial summary judgment on the issue of liability in his favor and striking any and all affirmative defenses alleging contributory negligence, culpable conduct or assumption of the risk by plaintiff (Motion sequence no. 003) are consolidated and decided as follows:

Plaintiff seeks recovery for personal injury sustained as a result of a four-vehicle collision which occurred on the Major Deegan Expressway, Bronx, New York on November 20, 2019 at approximately 5:53 a.m. In the complaint, plaintiff alleges that his vehicle was on the highway ramp prior to the collision and that he was injured as a result of the accident involving his vehicle

158954/2022 PENA, JOEL MATOS vs. VALDES, LINDIA D. ET AL
Motion No. 001 002 003

Page 1 of 6

[* 1]

and the three vehicles operated by defendants Valdes, Davison and Bryant. Bryant drove a truck owned by Blackburn. Plaintiff alleges that he suffered severe injuries due to defendants' failure to keep a proper lookout in the direction which they were proceeding, failure to drive in a careful manner, failure to keep their vehicles under proper control, failure to provide a warning to plaintiff, failure to slow down in a timely manner, and failure to comply with New York traffic laws.

Davison is the first to move for summary judgment, arguing that there is no issue of fact as to his liability. His evidence includes the following: an affirmation from his counsel; a copy of a police accident report (Report); Davison's affidavit; a dashcam video of the accident provided by co-defendants Bryant and Blackburn; and a deposition transcript from plaintiff in a separate but related action (*Valdes v C. Blackburn Inc., et al,* Sup Ct., NY County, Index No. 15347/21).

Davison affirms that Valdes was the sole, proximate cause of the accident due to her negligence. The Report indicates that prior to the collision, plaintiff was on the ramp of the highway and Valdes' vehicle was behind his. Valdes suddenly shifted into the right lane, where Davison was driving. Davison then swerved into the middle lane, where Bryant was driving. Bryant hit Davison who hit Valdes who hit plaintiff on the ramp.

The video allegedly shows Valdes merging from the ramp directly into the right lane, when Davison failed to anticipate the shift. The deposition of plaintiff describes events prior to the impact he received from Valdes.

Davison contends that Valdes violated section 1128 (a) of the Vehicle and Traffic Law (VTL), which provides as follows:

"A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."

Davison argues that Valdes violated this statute when she improperly merged into traffic when it was unsafe to do so. He contends that the other defendants, who failed to anticipate her conduct and were unable to respond in a reasonable manner, were not negligent. Therefore, Davison seeks dismissal via the granting of his motion.

This motion is opposed by Valdes and plaintiff. Valdes opposes the motion because it is premature, as no discovery has been scheduled which would provide more information as to the causes of the accident. Valdes argues that the evidence is either improper or insufficient to establish a case for summary judgment. First, Valdes argues that Davison failed to include all the

[* 2]

relevant pleadings in a motion for summary judgment. Second, Valdes argues that the affidavit submitted was not certified according to New York law. Third, Valdes argues that there is no chain of custody in the handling of the subject video. Fourth, Valdes argues that the Report has not been certified. Fifth, Valdes argues that plaintiff's deposition transcript was not executed by plaintiff.

Plaintiff opposes the motion because it is premature, with the absence of discovery at this time. He also argues that the evidence submitted fails to prove conclusively that Davison is not liable for negligence. Plaintiff refers to his deposition testimony, which relates to the accident, but from the action commenced by Valdes, as plaintiff, against the other defendants in this action before this court. Plaintiff was a non-party in that action when he testified on February 17, 2022. In his opposition papers, plaintiff states that his counsel was not present at that proceeding. He then avers that his testimony was not dispositive of the question of sole and proximate cause. At one point, plaintiff testified that Valdes came to him after the collision and blamed Davison for the accident. Plaintiff contends that a jury would have to determine which defendants' actions were the proximate cause of the accident.

Davison replies to Valdes. Davison submits a copy of Valdes' answer as part of the pleadings to his motion. He argues that there is no need for discovery and that Valdes failed to demonstrate that any additional evidence could be revealed through discovery. Davison contends that the video has been authenticated by Bryant, a witness to the accident. The video footage came from Bryant's truck. Davison argues that his affidavit was properly notarized. He admits that the Report was not certified, but there is other sufficient evidence to prove his position.

With respect to plaintiff's deposition testimony, Davison contends that while plaintiff did not execute the transcript, the reporter did. He argues that the transcript can be used as evidence if its accuracy is not challenged. Davison states that since Valdes did not challenge the accuracy of plaintiff's testimony, it is admissible for his motion.

"It is axiomatic that summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of factual issues" (*Birnbaum v Hyman,* 43 AD3d 374, 375 [1ˢ Dept 2007]). 'The substantive law governing a case dictates what facts are material, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will probably preclude the entry of summary judgment [citation omitted]'" (*People v Grasso,* 50 AD3d 535, 545 [1ˢ Dept 2008]). "To prevail on a summary judgment motion, the moving party must

provide evidentiary proof in admissible form sufficient to warrant the direction of summary judgment in his or her favor [citation omitted]" (*Kershaw v Hospital for Special Surgery*, 114 AD3d 75, 81 [1ˢᵗ Dept 2013]). "Once this burden is met, the burden shifts to the opposing party to submit proof in admissible form sufficient to create a question of fact requiring a trial" (*id* at 82).

In their opposition to Davison's motion for summary judgment, Valdes and plaintiff argue that granting the motion before discovery has been sought is premature. Uncovering relevant evidence that would provide further information as to the cause of the accident is said to be necessary in determining the degree of the parties' liability. Davison's reply is that sufficient proof has already been submitted to determine liability, and that opponents have not specified what relevant evidence is being exclusively concealed and needs exposure.

Davison included a copy of Valdes' answer with his reply papers, a pleading previously absent from his motion papers. His affidavit is valid, explaining his position regarding the events leading up to the collision, and properly notarized. He admits the Report was not certified.

The video footage is only ten seconds in length. The video shows Bryant driving the truck and apparently being rear-ended by Davison. There is no footage depicting Valdes shifting from the ramp area to the right lane or colliding into plaintiff's vehicle as alleged.

The deposition testimony was taken from the lawsuit brought by Valdes, where plaintiff was a non-party. That action has since been disposed, due to Valdes' failure to prosecute. As Davison argued, the transcript submitted was not signed by plaintiff, but since Valdes has not disputed plaintiff's accuracy, it is admissible in a motion for summary judgment (*see Ortiz v Lynch*, 105 AD3d 584 [1st Dept 2013]). The court finds that the testimony is not conclusive as to the issue of sole proximate cause. Plaintiff, in his opposition, contends that Davison's interpretation of his testimony is inaccurate, though he does not repudiate anything he said.

Summary judgment is rarely granted in negligence actions unless there is no conflict at all in the evidence (*see Ugarriza v Schmieder*, 46 NY2d 471, 475-6 [1979]). In this case, the major evidence, the video footage and plaintiff's deposition, is not sufficiently conclusive for summary judgment to be granted. There is a matter of possible contributory negligence, even though Valdes may be primarily liable. It would be premature to grant judgment prior to discovery.

The court shall deny Davison's motion for summary judgment.

The second motion for summary judgment is brought by Bryant and Blackburn. They raise the same arguments and rely on the same evidence as Davison does. They submit Bryant's

**158954/2022 PENA, JOEL MATOS vs. VALDES, LINDIA D. ET AL**
**Motion No. 001 002 003**

Page 4 of 6

[* 4]

4 of 6

affidavit, the Report, the cam video in their possession, and plaintiff's deposition testimony. They conclude that Valdes was solely liable for the accident by making an unreasonable shift into the right lane, leading to the multi-vehicle collision. They argue that they should be dismissed as defendants in this case. Valdes and plaintiff oppose the motion on the same grounds as they oppose Davison's motion. Their replies to both parties are similar to Davison's reply.

On the same grounds as Davison's motion, this court shall deny their motion for summary judgment.

Plaintiff makes the third motion for summary judgment, partial judgment, which would absolve him of any liability in the accident. Plaintiff submits as evidence his affidavit and the Report, which is certified. He contends that he was stationary at the ramp area when Valdes' vehicle struck his vehicle. He argues that he did not contribute to the accident and was not negligent.

Valdes, Davison and Bryant and Blackburn oppose the motion. Valdes argues that the motion is premature in the absence of discovery. She also argues that the Report is inadmissible, and that plaintiff could be subject to comparative negligence. Davison argues that evidence indicates that only Valdes is liable in this accident. Bryant and Blackburn contend that plaintiff has not proven his lack of liability and their own liability in this accident.

The certified Report indicates that plaintiff did not move at the entrance ramp, waiting for the right moment to enter into the right lane. Valdes' vehicle, behind his vehicle, shifted into the right lane, leading to the collision. When Valdes hit plaintiff, plaintiff had remained in place, never making a move.

The evidence shows that plaintiff was cautious and wanted to avoid any inappropriate contact with other drivers. The court finds no evidence of negligence on his part. Accordingly, it is

ORDERED that defendant Michael T. Davison's motion for summary judgment (Motion sequence no. 001) is denied; and it is further

ORDERED that defendants Daniel Bryant III and C. Blackburn Inc.'s motion for summary judgment (Motion sequence no. 002) is denied; and it is further

ORDERED that plaintiff Joel Matos Pena's motion for partial summary judgment on liability in favor of Plaintiff and dismissal of any affirmative defenses alleging contributory

158954/2022   PENA, JOEL MATOS vs. VALDES, LINDIA D. ET AL
Motion No.  001 002 003

Page 5 of 6

5 of 6

negligence, comparative fault or assumption of the risk by plaintiff (Motion sequence no. 003) is granted; and it is further

ORDERED that within 30 days of entry, plaintiff shall serve a copy of this Decision and Order upon all parties with notice of entry.

This constitutes the Decision and Order of the Court.

| 4/8/2024 | | | | | | |
|----------|---|---|---|---|---|---|
| **DATE** | | | | JAMES G. CLYNES, J.S.C. | | |
| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**158954/2022 PENA, JOEL MATOS vs. VALDES, LINDIA D. ET AL**
**Motion No. 001 002 003**

Page 6 of 6

6 of 6