| |
|---|
| **McNearney v Thompson** |
| 2025 NY Slip Op 30361(U) |
| January 28, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 159128/2022 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. JAMES G. CLYNES**     PART     **22M**

*Justice*

-------------------------------------------------------------------------X

SHERRIE MCNEARNEY,

           Plaintiff,

- v -

ANTHONY THOMPSON, LLOYD GUNNINGS, G.S. and SON'S TRUCKING, INC.,

           Defendants.

-------------------------------------------------------------------------X

| INDEX NO. | 159128/2022 |
| MOTION DATE | 10/30/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66

were read on this motion to/for           **JUDGMENT - SUMMARY**       .

Upon the foregoing documents, it is ordered that the motion by defendants Lloyd Gunnings (Gunnings) and G.S. and Son's Trucking, Inc. (G.S. and Son's), pursuant to CPLR 3212 for an Order granting summary judgment in their favor and dismissal of the Complaint and cross-claims against them and the cross-motion by Anthony Thompson (Thompson) for summary judgment in his favor on the issue of liability and dismissing any and all affirmative defenses of culpable conduct by defendant Thompson are decided as follows:

This action is joined for trial with the action *Anthony Thomspon and Sherrie McNearney v Lloyd Gunnings and G.S. and Son's Trucking, Inc.*, pending in this court under Index Number 158396/2020 (Action #1).

Plaintiff Sherrie McNearney (McNearney) seeks recovery for personal injury allegedly sustained as a result of an October 30, 2019 motor vehicle accident on the Major Deegan Expressway involving a vehicle operated by Thompson, in which McNearney was a passenger, and a vehicle operated by Gunnings and owned by G.S. and Son's.

The submission of Gunnings and G.S. and Son's includes the examination before trial (EBT) testimony of Gunnings, Thompson and McNearney; photographs of the two vehicles taken after the accident; and the expert report of an Accident Reconstructionist, John Scott

159128/2022 MCNEARNEY, SHERRIE vs. THOMPSON, ANTHONY ET AL
Motion No. 001

Page 1 of 4

(Scott). Gunnings and G.S. and Son's argue that based on the evidence, Thompson is negligent and the sole, proximate cause of the accident as a matter of law.

Plaintiff McNearney submits opposition to the motion of Gunnings and G.S. and Son's,[1] but not Thompson's cross-motion. McNearney contends that the motion by Guinnings and G.S. and Son's should be denied because there are issues of fact as to who is liable for the accident, including Gunnings' testimony that he did not see Thompson's vehicle before the accident.

Thompson's opposition and cross-motion contend that he is free from liability for the rear-end collision between his vehicle and the vehicle of Gunnings and G.S and Son's.

Gunnings and G.S. and Son's submit an attorney affirmation in opposition to Thompson's cross-motion in which they contend that the evidence, including photographs of the vehicles and the accident reconstruction expert's report refutes Thompson's account of how the accident occurred and demonstrate that Thompson's vehicle, in which plaintiff McNearney was a passenger was the sole proximate cause of the accident by making an unsafe attempt to overtake the Gunnings/G.S. and Son's vehicle on the right. Gunnings and G.S and Son's contend that their motion should be granted and the cross-motion denied because it cannot be established that Gunnings should have been aware that Thompson was trying to overtake him on his right side. Defendants contend that Gunning drove in a proper manner and that Thompson's conduct was the sole, proximate cause of the accident.

The deposition testimony of Thompson conflicts with that of Gunning. Thompson testified that he sensed a shiver from behind before he realized that his vehicle was rear-ended. He stated that Gunning's vehicle was traveling at 30 miles an hour. Gunning testified that he was driving at 5 to 10 miles an hour, that Thompson drove around him from behind, and that Thompson's vehicle hit his vehicle's front fender while passing him. Neither stated that he saw the other driver before the accident occurred.

Defendants contend that the submitted photographs substantiate Gunnings testimony and his version of events. Defendants claim that had their vehicle rear-ended Thompson's vehicle, the damage done to both vehicles would have been more extreme. A report by Scott, supports defendants' assertions about the nature of the accident.

---

[1] Plaintiff's counsel inadvertently uploaded documents relating to an unrelated matter at NYSCEF DOC NO 55, but Plaintiff's affirmation in opposition and exhibits are uploaded at NYSCEF DOC NO 60-64).

**159128/2022  MCNEARNEY, SHERRIE vs. THOMPSON, ANTHONY ET AL**          **Page 2 of 4**
**Motion No.  001**

2 of 4

[* 2]

Defendants argue that although Gunning did not see plaintiff prior to the accident, he acted properly under the circumstances. They conclude that Thompson's negligence is the sole cause of the accident and that summary judgment should be granted in their favor and against Thompson.

"It is axiomatic that summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of factual issues" (*Birnbaum v Hyman*, 43 AD3d 374, 375 [1st Dept 2007]). "The substantive law governing a case dictates what facts are material, and '[o]-nly disputes over facts that might properly preclude the entry of summary judgment'" (*People v Grasso*, 50 AD3d 535, 545 [1st Dept 2008] [citation omitted]). "To prevail on a summary judgment motion, the moving party must provide evidentiary proof in admissible form sufficient to warrant the direction of summary judgment in his or her favor" (*Kershaw v Hospital for Special Surgery*, 114 AD3d 75, 81 [1st Dept 2013]). "Once this burden is met, the burden shifts to the opposing party to submit proof in admissible form sufficient to create a question of fact requiring a trial" (*Id.* at 82).

There can be more than one proximate cause in an accident and the matter of proximate cause is usually a jury issue (*see Howard v Poseidon Pools*, 72 NY2d 972 [1988]).

Here, movant defendants have submitted the EBT testimony of the parties, photographs and an expert's report in support of their motion. The EBT testimony of Thompson and Gunning provide conflicting accounts of the accident and both drivers testify that they did not see the other prior to the accident.

There were no eyewitnesses to the accident. The report by Scott and the photographs are meant to substantiate defendants' argument that the damage to the two vehicles could have only been the result of Thompson driving from behind Gunning and bypassing him. According to defendants, had Thompson's vehicle been rear-ended by Gunning, the damage to the two vehicles would have been different or more severe. Defendants consider this conclusion to be a matter of common sense. Because they contend that Gunning had nothing to do with Thompson's conduct prior to the accident, defendants claim that liability for the accident rests solely on Thompson. Thompson's cross-motion contends that Gunnings caused the accident. The court notes that there is no evidence that McNearney, an innocent passenger in the Thompson vehicle bears any liability for the accident.

The evidence raises issues as to the credibility by the parties, which should be determined by a trier of fact, precluding summary judgment (*see Santos v Temco Serv. Indus.,* 295 AD2d 218, 218-219 [1st Dept 2002]). The motion and cross-motion are denied. Accordingly, it is

ORDERED that the motion by defendants Lloyd Gunning and G.S and Son's Trucking, Inc.'s motion for an Order granting summary judgment in their favor and dismissal of the Complaint

is denied; and it is further

ORDERED that the cross-motion by Anthony Thompson for summary judgment in his favor and dismissal of the Complaint and cross-claims against him is denied.

This constitutes the Decision and Order of the Court.

_____
1/28/2025
DATE

_____
JAMES G. CLYNES, J.S.C.

CHECK ONE: ☐ CASE DISPOSED    ☒ NON-FINAL DISPOSITION

   ☐ GRANTED   ☒ DENIED   ☐ GRANTED IN PART   ☐ OTHER

APPLICATION: ☐ SETTLE ORDER    ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN    ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE

159128/2022   MCNEARNEY, SHERRIE vs. THOMPSON, ANTHONY ET AL
Motion No. 001

Page 4 of 4