**Alberts v City of New York**

2025 NY Slip Op 31242(U)

April 11, 2025

Supreme Court, New York County

Docket Number: Index No. 155168/2017

Judge: Ariel D. Chesler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ARIEL D. CHESLER**

*Justice*

PART      **62M**

-------------------------------------------------------------------------------X

DEBRA ALBERTS,

Plaintiff,

- v -

CITY OF NEW YORK, CITYBRIDGE LLC,TIME WARNER
CABLE, TRIUMPH CONSTRUCTION, CORP.,

Defendant.

-------------------------------------------------------------------------------X

INDEX NO.          155168/2017

MOTION DATE        06/27/2024

MOTION SEQ. NO.        008

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 008) 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Upon the foregoing documents, it is

Defendant The City of New York (City) moves for summary judgment dismissing the

complaint.

      This is a trip and fall negligence action.  The complaint alleges that on March 1, 2017, plaintiff, while walking from the northwest corner of Broadway and West 56th Street, New York, New York, tripped and fell after crossing 56th Street.  Plaintiff stepped off the curb onto an uneven roadway, causing her to fall on her hands and knees, and suffer serious injuries.

      Plaintiff commenced the action against City on June 1, 2017.  On February 5, 2019, plaintiff amended her complaint, adding City Bridge, LLC, c/o Corporation Service (City Bridge) and Time Warner.  On February 10, 2020, City Bridge filed a third-party complaint against Triumph Construction Corporation (Triumph).  On February 13, 2020, plaintiff filed a second amended complaint, adding Triumph as a direct defendant.  On October 28, 2020, Time Warner filed a second third-party complaint against Old HDE Inc., individually and as successor in interest to Hylan Datacom & Electrical LLC, individually and as successor in interest to

155168/2017   ALBERTS, MS., DEBRA vs. CITY OF NEW YORK
Motion No.  008

Page 1 of 5

[* 1]

Hylan Datacom & Electrical, Inc. and Hylan Datacom & Electrical, Inc.

To date, all defendants in this action except City have been dismissed. After plaintiff filed the Note of Issue on March 1, 2024, City moved for summary judgment and dismissal.

City argues in its motion that plaintiff failed to allege prior written notice of a specific defect to City, as prescribed in section 7-201 of the Administrative Code of the City of New York (Code). City contends that this failure is a violation of that section, and automatically precludes plaintiff from suing City. The exception to this rule is where plaintiff can prove that City caused or created a defective condition which results in liability. Since plaintiff has allegedly failed to show that City was affirmatively negligent, City argues that this action must be dismissed.

City submits as evidence plaintiff's 50-h hearing transcript; the deposition testimony of plaintiff and two representatives of the New York City Department of Environmental Protection (Department), John Caccavale and Dylan Ryan; and the Department's record search involving the roadway segment of West 56th Street between Broadway and Seventh Avenue and the intersection of Broadway and 56th Street.

City argues that the result of the search indicates that all the documents did not show that City was aware of any prior written notice of a defective roadway in that vicinity. The documents include four permits, four hardcopy permits, four permit applications, two maintenance orders, one complaint, Big Apple Maps and gangsheets for roadway defects. City contends that the documents, including the complaint and the maintenance records, do not correspond to the subject roadway defect that is the subject of this action.

City had allowed a further search of records undertaken by Kisha Miller, a claims specialist with Department. The result of this endeavor reached a similar conclusion to the earlier search.

City states that the prior written notice rule would not be applicable in the event that City was found to have caused or created a dangerous or defective condition that resulted in an accident. City contends that plaintiff had not submitted any evidence which would hold City liable for such activity. City concludes that in the absence of any proof of affirmative negligence on its part, City is entitled to summary judgment.

In her opposition to the motion, plaintiff argues that there are issues of fact as to whether or not City had created or had notice of the defective roadway. She refers to submitted photographs of the area where the accident occurred. The photographs show numerous cuts on the roadway which allegedly existed prior to the accident. Plaintiff states that City conducted a repair of the roadway after the accident occurred. Plaintiff claims that City never submitted to a deposition to answer various questions about the condition of the roadway.

In its reply, City argues that plaintiff did not address the prior written notice rule, which rules out City's negligence unless it acted affirmatively. City argues that the photographs are not proof that City created a defective roadway, and that plaintiff is relying on speculation. City also argues that evidence of subsequent remedial measures, as alleged by plaintiff, are not admissible to show negligence.

"It is axiomatic that summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of factual issues" (*Birnbaum v Hyman,* 43 AD3d 374, 375 [1st Dept 2007]). "The substantive law governing a case dictates what facts are material, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will preclude the entry of summary judgment'" (*People v Grasso,* 50 AD3d 535, 545[1st Dept 2008]). "To prevail on a summary judgment motion, the moving party must provide evidentiary proof in admissible form sufficient to warrant the direction of summary judgment in his or her favor" (*Kershaw v Hospital for Special Services*, 114 AD3d 75, 81 [1st Dept 2013]). "Once this burden is met, the burden shifts to the opposing party to submit proof in admissible form sufficient to create a question of fact requiring a trial" (*Id.*at 82).

Code Section 7-201 provides in part:

"No civil action shall be maintained against the City for damages to property or injury to person or death sustained in consequence of any street, highway, bridge, wharf, culvert, sidewalk or crosswalk or part or portion of any of the foregoing including any encumbrances thereon or attachment thereto, being out of repair, unsafe, dangerous or obstructed, unless it appears that written notice of the defective, unsafe, dangerous or obstructed condition was actually given to the commissioner of transportation or any person or department authorized by the commissioner to receive such notice, or as a result of the existence of the defective, unsafe, dangerous or obstructed condition, and written notice thereof was given to a city agency, or there was written acknowledgement from the city of the defective, unsafe, dangerous or obstructed condition, and

155168/2017   ALBERTS, MS., DEBRA vs. CITY OF NEW YORK
Page 3 of 5
Motion No.  008

3 of 5

[* 3]

there was a failure or neglect within fifteen days after the receipt of such notice to repair or remove the defect, danger or obstruction complained of, or the place otherwise made reasonably safe."

City submitted evidence based on Department's search of relevant documents corresponding to the area where the accident occurred before or during the time of the accident. As a result of the search, there is no evidence of prior written notice given to City of the specific defective roadway which resulted in plaintiff's accident. Accordingly, City has established a prima facie entitlement to summary judgment, in the absence of prior written notice.

In opposition, plaintiff does not address the prior written notice rule, but seeks out an issue of fact to preclude the granting of summary judgment. Plaintiff refers to photographs of the roadway, displaying cuts in the roadway, indicating defects. She also discusses subsequent repair work by City on the area. She claims this raises an issue as to the notice or creation of a defective roadway.

Prior written notice provisions are usually strictly construed. Plaintiff has not even raised any arguments about the lack of prior written notice. Any argument Plaintiff makes regarding some sort of constructive notice contravenes Code Section 7-201, is speculative, and is otherwise unavailing.

Proof of City's affirmative act of negligence would render prior written notice inapplicable (*see Poirier v City of Schenectady,* 85 NY2d 310, 313 [1995]). However, the photographs submitted do not sufficiently raise an issue of fact regarding affirmative negligence and remain speculative. As City asserts, evidence of subsequent remedial measures or events made after an accident are usually not admissible to show negligence (*see Caprara v Chrysler Corp.,* 52 NY2d 114, 122 [1981]). Nor was there evidence presented of work by the City that "immediately results in the existence of a dangerous condition" (*see Bielecki v City of New York*, 14 AD3d 301 [1st Dept 2005]).

The court finds that City has made out its motion for summary judgment and that plaintiff failed to raise a material issue of fact in her opposition papers.

This constitutes the decision and order of this Court.

Accordingly, it is

ORDERED that defendant City of New York's motion for summary judgment is granted and the complaint is dismissed; and it is further

ORDERED that the Clerk is directed to enter judgment accordingly.

20250411123643ACHESLER3E385EDD2BF64D8B9DFDC445FFC7D103

| 4/11/2025 | | | |
|---|---|---|---|
| **DATE** | | **ARIEL D. CHESLER, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**155168/2017 ALBERTS, MS., DEBRA vs. CITY OF NEW YORK**
**Motion No. 008**

**Page 5 of 5**

[* 5]