Usoiani v Dumbo Moving & Stor., Inc. (2025 NY Slip Op 04810)

Usoiani v Dumbo Moving & Stor., Inc.

2025 NY Slip Op 04810

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2020-03849
2020-04431
 (Index No. 507010/17)

[*1]Paata Usoiani, et al., plaintiffs-respondents,
v
Dumbo Moving & Storage, Inc., et al., appellants, Ronald Matoyan, defendant-respondent.

Cheven, Keely & Hatzis (Thomas Torto, New York, NY, of counsel), for appellants.
Cherny & Podolsky, PLLC, Brooklyn, NY (Steven V. Podolsky of counsel), for plaintiffs-respondents.
James F. Butler, Jericho, NY (Kathleen E. Fioretti of counsel), for defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Dumbo Moving & Storage, Inc., and Shalva Kunelauri appeal from (1) an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated May 6, 2020, and (2) a judgment of the same court dated June 9, 2020. The order granted (1) the motion of the defendant Roland Matoyan for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him and (2) the plaintiffs' cross-motion for summary judgment on the issue of liability against the defendants Dumbo Moving & Storage, Inc., and Shalva Kunelauri. The judgment dated June 9, 2020, upon the order, is in favor of the defendant Roland Matoyan and against the plaintiffs and the defendants Dumbo Moving & Storage, Inc., and Shalva Kunelauri dismissing the complaint and all cross-claims insofar as asserted against him.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the appeal from so much of the judgment dated June 9, 2020, as dismissed the complaint insofar as asserted against the defendant Roland Matoyan is dismissed; and it is further,
ORDERED that the judgment dated June 9, 2020, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs and the defendant Ronald Matoyan appearing separately and filing separate briefs.
The appeal from so much of the order as granted that branch of the motion of the defendant Roland Matoyan which was for summary judgment dismissing all cross-claims insofar as asserted against him must be dismissed because the right of direct appeal therefrom terminated with [*2]the entry of the judgment dated June 9, 2020, in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that portion of the order are brought up for review and have been considered on the appeal from the judgment dated June 9, 2020 (see CPLR 5501[a][1]).
The appeal from so much of the order as granted the plaintiffs' cross-motion for summary judgment on the issue of liability against the defendants Dumbo Moving and Storage, Inc. (hereinafter Dumbo), and Shalva Kunelauri (hereinafter together the appellants) must be dismissed as the right of direct appeal therefrom terminated with the entry of two judgments, both dated January 13, 2022, in this action (see Matter of Aho, 39 NY2d at 248). The issues raised on the appeal from that portion of the order are brought up for review and have been considered on the related appeals from those judgments (see CPLR 5501[a][1]; Usoiani v Dumbo Moving & Storage, Inc., _____ AD3d _____ [Appellate Division Docket Nos. 2022-00727, 2022-03595; decided herewith]).
The appeal from so much of the order as granted that branch of Matoyan's motion which was for summary judgment dismissing the complaint insofar as asserted against him and so much of the judgment dated June 9, 2020, as dismissed the complaint insofar as asserted against Matoyan must be dismissed as the appellants are not aggrieved by those portions of the order and that judgment (see Mixon v TBV, Inc., 76 AD3d 144).
The plaintiffs were injured as a result of a motor vehicle accident in which a box truck owned by Dumbo and driven by its employee, Kunelauri, backed into the front of a vehicle driven by Matoyan. The plaintiffs, who were passengers in Matoyan's vehicle, commenced an action against Dumbo, Kunelauri, and Matoyan. Subsequently, Matoyan moved, inter alia, for summary judgment dismissing all cross-claims insofar as asserted against him. The Supreme Court, among other things, granted that branch of Matoyan's motion. This appeal ensued.
The Supreme Court did not err in granting that branch of Matoyan's motion which was for summary judgment dismissing all cross-claims insofar as asserted against him. Vehicle and Traffic Law § 1211(a) provides that the driver of a vehicle shall not back the same unless such movement can be made with safety and without interfering with other traffic. Here, Matoyan demonstrated that Kunelauri's negligence in backing the truck into Matoyan's stopped vehicle without taking adequate precautions violated a standard of care imposed by the Vehicle and Traffic Law, constituting negligence per se (see Dieubon v Moore, 229 AD3d 686, 687; Saviano v TT of Massapequa, Inc., 223 AD3d 851, 852; Ali v Alam, 223 AD3d 642, 644), and was the sole proximate cause of the accident. The appellants failed to raise a triable issue of fact in opposition to this prima facie showing. Indeed, Kunelauri acknowledged at his deposition that he did not know if Matoyan's vehicle was moving or stopped at the time of the accident and, therefore, failed to proffer a conflicting version that the accident was caused by Matoyan driving into Dumbo's truck. The appellants' contention that triable issues of fact existed because there were conflicting versions as to how the accident occurred was speculative and unsupported by the record (see Bukharetsky v Court St. Off. Supplies, Inc., 82 AD3d 812, 813; Ortiz v Calavera, 26 AD3d 319, 319; Garcia v Verizon N.Y., Inc., 10 AD3d 339, 340).
BARROS, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court